(December 8, 1899.)

## STATE v. ANDERSON.

### [59 Pac. 180.]

RAPE—UNCORROBORATED TESTIMONY OF PROSECUTRIX.—While a conviction for rape may be properly had upon the uncorroborated testimony of a prosecutrix, this would only be warranted when the reputation of the prosecutrix for chastity is unimpeached, and when the facts and circumstances surrounding the commission of the offense are corroboration and not contradictory of the statements of the prosecutrix.

SAME—INSTRUCTIONS—PREJUDICIAL ERROR.—In a prosecution for rape, an instruction which virtually instructs the jury that they may find corroboration of the testimony of the prosecutrix in her own statements is misleading and amounts to prejudicial error.

(Syllabus by the court.)

APPEAL from District Court, Blaine County.

L. L. Sullivan, for Appellant.

At common law where the accused was not permitted to testify in his own behalf, the testimony of the prosecutrix might be sufficient to warrant a conviction for rape; but under the statutes of this territory where the accused avails himself of the right to testify, and clearly and explicitly denies the commission of the offense, there must be testimony corroborating that of the prosecutrix to authorize a conviction. (*Bueno v. People,* 1 Colo. App. 232, 28 Pac. 248; *State v. Baker,* ante, p. 496, 56 Pac. 81; *Sowers v. Territory,* 6 Okla. 436, 50 Pac. 257.)

Samuel H. Hays, Attorney General, for the State.

In many states by statute no conviction can be had on the uncorroborated evidence of the prosecutrix. We have no such statute in this state. The difficulties, however, of securing satisfactory evidence in cases of this kind have been recognized in every jurisdiction, but in the absence of a statute the lower court had no authority to instruct the jury as to the weight which they should give to the uncorroborated statement of prosecutrix. That was a matter entirely for the jury. (*State v. Wilcox,* 11

Mo. 569, 33 Am. St. Rep. 551, 20 S. W. 314.) Defendant in answer denies the charge and accuses the prosecutrix of improper conduct with several boys. The extreme latitude permitted defendant in introducing evidence and testifying to matters entirely irrelevant, but which tended to prejudice defendant before the jury, is the most noticeable thing in the case. He was permitted to discredit her parentage. Also to testify to her alleged misconduct with several boys. This evidence was wholly inadmissible. The weight of authority is to the effect that in cases of this kind specific acts of misconduct cannot be introduced but in case they are introduced that they only go to the question of consent. (*People v. Shea,* 125 Cal. 151, 57 Pac. 885; *People v. Johnson,* 106 Cal. 289, 39 Pac. 622; *People v. Glover,* 71 Mich. 303, 38 N. W. 874.)

HUSTON, C. J.—The defendant was convicted of the crime of rape, alleged to have been perpetrated upon the person of one Emma Anderson, an adopted daughter of the defendant, and who, at the time of the alleged crime, was some thirteen years and nine months of age. The only evidence of the commission of the offense is the testimony of the prosecuting witness, which is, in substance, as follows: "I do not understand the nature of an oath. I do not know what the clerk has just said to me. I understand he told me to tell the truth. . . . . I do not know what day of the week the 25th day of June was. I know clerk Nichols. I knew when he was up before the court. . . . . . I was at home on that day. . . . . The day before that I was at home in Bellevue. Mr. Anderson was at home. I was at home on the evening of that day. So was Mr. Anderson. I went to bed that night between 9 and 10 o'clock. Mr. Anderson went to bed at the same time. His bed and mine are in the same room upstairs. We have slept in that room since last winter. Q. Did you see Mr. Anderson after you went to bed? A. No, sir. Q. I am speaking about the day before clerk Nichols' trial. Did you see him after you went to bed that night? A. I saw him after he went to bed. Q. Well, what did he do? A. He didn't do anything. I was awakened during the night after that, by Mr. Anderson. He was in my bed. I first found out

Mr. Anderson was there quite a few minutes after he was there. He was dressed in his drawers and shirt. He did not say anything when he came to my bed. Q. What did he do? A. Took part of his person and put it to my person. Q. Did he put any part of his person in your person? A. Yes, sir. He stayed there five or ten minutes, and then went to his bed." This occurred, as prosecutrix states, on the 25th of June, 1889. She fixes the date by the time clerk Nichols was on trial at Hailey. This clerk Nichols seems to have been one of several young men who had been on terms of intimacy with the prosecutrix. And this is all the testimony on the part of the prosecution which tends in the slightest degree to incriminate the defendant. The prosecutrix is not corroborated in the slightest particular. The only attempt at corroboration is by the testimony of Dr. Brown, called by the prosecution, who testifies that he made an examination of the prosecutrix, and that she had the appearance of having been "penetrated repeatedly." It is not claimed that the defendant ever had connection with her but once. When she made complaint (which she says she first made to the prosecuting attorney) does not appear, but he had his preliminary examination on the eleventh day of July, 1899.

Were this an indictment at common law, or under the statute as it stood before the amendment raising the age of consent, it could not be contended, we apprehend, that the evidence is sufficient to warrant a conviction. Of course, it can be inferred from the statements of the prosecutrix that the defendant had sexual intercourse with her; but she does not say so, and we think that something more than inferences should be required to convict a man of seventy-seven years of age of a crime that will end his days in the penitentiary. The defendant is seventy-seven years of age. His physician, who has attended upon him for some fifteen or sixteen years, testifies that he is afflicted with a rupture, and is also suffering from an affliction of the spine, caused by an injury received in 1883, while building a house; and said physician further testifies that from his knowledge of the defendant's physical condition it is his opinion that he is not, and was not at the time of the alleged offense, capable of having sexual intercourse. The impression seems to have obtained with

some courts and juries that, since the enactment of the statute
"raising the age of consent," the simple charge of an act of sex-
ual intercourse by a female within the prescribed age is all that
is requisite to secure a conviction. We do not believe that the
statute was intended to serve any such purpose. The case under
consideration is an apt illustration—and we have had others—
of the pernicious purposes to which such an interpretation of
the law leads. A young hoiden, shown by the record to be, even
at the age of fourteen years, or under, not *sans tache,* and whose
reputation for truth and° veracity is entirely impeached, makes
this charge against an almost imbecile old man, to whose charity
she is indebted for her very existence since she was nine months
old; and upon the entirely uncorroborated testimony of this
monster of precocious vice, this old man is sentenced to wear
out the few remaining years of his life in the penitentiary at
hard labor, and this is called "the administration of the law in
justice." Upon the dubious, disjointed tale shown in the
record we are asked to affirm a judgment which con-
signs an old man of previous good character to a felon's grave—
for that is what the sentence amounts to. We decline to do it.

Exception is taken to an instruction of the court to the jury
which is as follows: "You are hereby instructed that you should
not convict the defendant on the uncorroborated testimony of
the prosecutrix alone, but such corroboration may be by facts
and circumstances connected with or surrounding the case; in
other words, corroboration is not necessarily the testimony of
other witnesses." The giving of this instruction, under the evi-
dence in this case, was prejudicial. It was virtually saying to
the jury that the prosecutrix might be corroborated by her own
statements. She made no complaint until a long time after the
alleged offense. Her person presented no evidence to support
her charge; on the contrary, the physician called by the prose-
cution testified that she had the appearance of having been "fre-
quently penetrated," and the record shows that she was in the
habit of having intimate relations with, and being caught in
compromising positions with, divers boys of about her own age.
We think the instruction, except the first paragraph, was error,
under the proofs in the case. Undoubtedly the rule is that a

defendant may be convicted of the crime of rape upon the uncorroborated testimony of the prosecutrix; but this is only so when the character of the prosecutrix for chastity, as well as for truth, is unimpeached, and where the circumstances surrounding the commission of the offense are clearly corroborative of the statements of the prosecutrix. This is the rule deducible from the authorities cited by the attorney general. (See *Tway v. State,* 7 Wyo. 74, 50 Pac. 188; *People v. Wessel,* 98 Cal. 352, 33 Pac. 216.) We think the correct rule is laid down in 3 Rice on Evidence, 826 et seq., also cited by the attorney general: "In prosecutions for rape it is very proper for the jury to be exceedingly cautious how they convict a defendant on the uncorroborated testimony of the prosecutrix, especially where there is evidence tending to impeach her credibility, for the experience of courts in modern times has amply attested the assertion of Lord Hale that the charge of rape is 'an accusation easy to make, and hard to be proved, and harder still to be defended by the party accused, though never so innocent.' (1 Hale's Pleas of the Crown, 635.)" The judgment and sentence of the district court are reversed, and, as we cannot see that the further prosecution of the defendant will be conducive of any good, it is ordered that the defendant be discharged from custody.

Quarles, J., concurs.