[Crim. No. 613.   First Appellate District.—January 21, 1916.]

## THE PEOPLE, Respondent, v. JOSEPH BERNON, Appellant.

CRIMINAL LAW—RAPE—FEMALE UNDER AGE OF CONSENT—EVIDENCE—CORROBORATION—ACCOMPLICE.—A female under the age of consent is not an accomplice in the crime of rape committed upon her, nor does the law require that her testimony be supported by corroboration in order to sustain a conviction.

ID.—MISCONDUCT OF DISTRICT ATTORNEY—LACK OF PREJUDICE.—In a prosecution for rape on a girl under the age of consent it is misconduct for the district attorney, on cross-examination of a witness, to ask whether the sister of the prosecutrix told the witness that defendant, her father, did the same things to her that he was charged with doing to the prosecutrix; but where the court sustained the objection of the defense to the question and charged the jury to disregard the statements of counsel and all evidence not presented in a legal way, and the district attorney abandoned the subject, the misconduct was not prejudicial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   William H. Langdon, Judge presiding.

The facts are stated in the opinion of the court.

E. B. Mering, and M. J. Gillespie, for Appellant.

U. S. Webb, Attorney-General, and Frank L. Guerena, for Respondent.

THE COURT.—This is an appeal from a judgment of conviction of the defendant upon a charge of rape alleged to have been committed by the defendant upon his daughter, Leona Bernon, a girl of the age of fourteen years, and from an order denying a new trial.

Mr. Mering (for the Appellant) : Your Honors, our contention is that the defendant was convicted on the uncorroborated testimony of an accomplice; the girl herself was an accomplice under *People* v. *Robbins,* 171 Cal. 466, [154 Pac. 317], which was a case of the unmentionable crime on a boy sixteen years of age, and the supreme court said he was an accomplice.   It would be exactly the same as with a boy—

The Court: If this girl was below the age of consent she could not have consented to this crime.

Mr. Mering: But the boy was below the age of consent.

The Court: Our statute does not make the rule of consent applicable to a boy as well as to a girl. The only application of the rule as to the age of consent is as to females. There is no doubt about that.

Mr. Mering: She cannot give consent to the crime. The girl herself testified that she had had intercourse with another young man. This shows the corruption of her mind. There is certainly a distinction between the weight of testimony of a girl who resists and is outraged, and the girl who says, "Yes, it is so; it is all right; I consented to it." Isn't the testimony of a girl that is outraged stronger than that of a girl who is not?

The Court: That may be true, but that is a question for the jury. We know of no law, and are cited to no case which holds, that a female below the age of consent is an accomplice in the crime of rape committed upon her, or that requires that her testimony should be supported by corroboration in order to sustain a conviction.

Nor do we think that the testimony of the prosecuting witness in this case is either so weak because of her intellectual or moral infirmities, or is so inherently improbable, as to be insufficient of itself to support a conviction.

These contentions on the part of the appellant we hold, therefore, to be without merit.

Is that the only point you make in the case?

Mr. Mering: No. We also urge the misconduct of the district attorney.

The Court: We find from the record that the alleged misconduct of the district attorney arose from the following state of facts: While the witness, Leona Bernon, was upon the stand the prosecuting officer asked her the following questions:

"Q. Well, did your sister live home at one time with yourself and your father? A. Yes.

"Q. Where did she sleep when she was at home?"

To this latter question counsel for the defendant objected upon the ground that it was irrelevant, and some cross-fire arose between counsel as to the proper way to conduct the trial, which continued for some moments after the court had

sustained the defendant's objection but during which no assignment of misconduct was made. Later, however, and during the cross-examination of one of the defendant's witnesses, the prosecuting officer asked the following question:

"Q. When you were talking to this girl about the time you said they were telling you different things upon which you were basing your statements about them, did Josephine tell you that her father did the same things to her too?"

To this question the defendant offered the proper objection that it was incompetent, irrelevant, and immaterial, and was misconduct on the part of the district attorney, and proceeded to arraign the latter severely for his improper action. The court promptly sustained the defendant's objection, and at once and of its own motion proceeded to charge the jury that they were to disregard and put out of their minds the statements of counsel and all evidence not presented in a legal way. The matter was immediately dropped, and was not adverted to again during the trial.

While the action of the prosecuting officer in asking this improper question, and in thus referring to a subject hinted at and properly excluded in connection with his former question, is to be reprobated, and the too frequent practice of prosecuting officers to press similar questions and insinuations beyond the point of propriety and fairness is to be rebuked and discouraged, still we think that in the present case the prompt instruction of the court to the jury of its own motion to disregard and put from their minds the offending matter, attended as it was by the district attorney's coincidence in the views of the court evinced by his abandonment of the subject, takes this case outside of the case of *People* v. *Derwae,* 155 Cal. 592, [102 Pac. 266] ; and within the rule laid down in the following cases : *People* v. *Smith,* 23 Cal. App. 382, [138 Pac. 107] ; *People* v. *Bradbury,* 151 Cal. 675, [91 Pac. 497] ; *People* v. *Salas,* 2 Cal. App. 537, [84 Pac. 295] ; *People* v. *Amer,* 8 Cal. App. 137, [96 Pac. 401] ; *People* v. *Ho Kim You,* 24 Cal. App. 451, [141 Pac. 950] ; *People* v. *Ong Git,* 23 Cal. App. 148, [137 Pac. 283].

No other error appearing in the record of sufficient consequence to merit review, the judgment and order denying a new trial are affirmed.