# CASES ARGUED AND DETERMINED

## IN THE

# SUPREME COURT

### OF THE

## STATE OF IDAHO.

---

(April 5, 1916.)

## STATE, Respondent, v. FRANK W. ANDRUS, Appellant.

[156 Pac. 421.]

CRIMINAL LAW—PRELIMINARY EXAMINATION—INCEST—INFORMATION—EVIDENCE—SUFFICIENCY—CORROBORATION.

1. The jurisdiction of a justice of the peace, sitting as a committing magistrate, extends throughout the county, and such a magistrate with whom a criminal complaint is filed charging that a felony or an indictable misdemeanor has been committed, and who entertains the complaint and issues a warrant for the arrest of the accused, thereby acquires jurisdiction to hold a preliminary examination of such charge and cannot be ousted therefrom by the officer who makes the arrest.

2. The right to a preliminary examination is one which the accused may waive, and when a defendant is arrested and is taken before a magistrate, other than the one who issued the warrant, in the county wherein the crime is alleged to have been committed, and fails to make objection, but waives his preliminary examination, his right to be taken before the magistrate who issued the warrant is waived.

3. An indictment or information must contain a statement of the acts constituting the offense in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended to be charged thereby. No indictment or information will be held to be insufficient, by reason of any defect or imperfection in matter of form, which does not tend to the prejudice of a substantial right of the accused upon its merits.

4. Where no showing has been made that an act of sexual intercourse had been recently committed, or attempted, upon the prosecutrix, and no attempt has been made to impeach her testimony, it is error to permit the prosecution, as a part of its case in chief, to introduce evidence in detail of a complaint made by her to third

persons, not in the presence of appellant, to the effect that he had been molesting and bothering her.

5. Where the testimony of the prosecutrix is contradictory, or her general reputation for truth, honesty and integrity in the community wherein she resides is shown to be bad, and where the accused testified and denied specifically her accusations and was corroborated by other witnesses, the testimony of the prosecutrix, standing alone and without corroboration, will not warrant a conviction. By corroboration is meant evidence other than that of the prosecutrix which, in itself and without the aid of her testimony, tends to connect the accused with the commission of the offense.

[As to necessity and sufficiency of corroboration of prosecutrix in prosecutions for rape, see note in Ann. Cas. 1913D, 660.]

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. J. J. Guheen, Judge.

Appellant was convicted of the crime of incest. Judgment *reversed.*

A. L. Merrill and Budge & Barnard, for Appellant.

When this defendant was taken before Justice of the Peace Knowles, of Pocatello Precinct, this justice had absolutely no jurisdiction over the cause. The matter of preliminary examinations is purely statutory and the provisions of the statute must be complied with at every step. (*State v. Huegin,* 110 Wis. 189, 95 N. W. 1046, 62 L. R. A. 700.)

When the defendant was taken before Justice Knowles he waived his preliminary hearing, and Justice Knowles signed a certificate of waiver. This fact, however, did not waive any right of the defendant, as a waiver of preliminary examination before a justice not having jurisdiction is ineffectual for any purpose. (*State v. Davis,* 26 Kan. 205.)

When a man is brought before an American court, it must be upon an information charging facts—not conclusions of law. (*McCaskill v. State,* 55 Fla. 117, 45 So. 843.)

An information charging incest must specifically set forth the particular facts that show clearly that the crime was committed in an act of adultery or in an act of fornication. (*Martin v. State,* 58 Ark. 3, 22 S. W. 840; *State v. Fritts,* 48

Opinion of the Court—Morgan, J.

Ark. 66, 2 S. W. 256; *State v. Phillips,* 48 Ark. 66, 2 S. W. 256; *State v. Ratcliffe,* 61 Ark. 62, 31 S. W. 978.)

In rape cases the complaint of prosecutrix, to be relevant, must have been made soon after the offense, and even then the details of the conversation are not relevant. (*State v. Fowler,* 13 Ida. 318, 321, 89 Pac. 757.)

A conviction in this case cannot be sustained without corroborating evidence. (*State v.. Baker,* 6 Ida. 496, 56 Pac. 81; *State v. Anderson,* 6 Ida. 706, 59 Pac. 180; *State v. Trego,* 25 Ida. 625, 138 Pac. 1124; *State v. Clark,* 27 Ida. 48, 146 Pac. 1107.)

J. H. Peterson, Atty. Genl., Herbert Wing, D. A. Dunning and T. C. Coffin, Assistants, for Respondent.

Only the limit of the county is the limit of jurisdiction in matters of preliminary examinations, and the prosecuting officer will designate the precinct where, and the magistrate before whom, such examination will be had. (*State v. Griffin,* 4 Ida. 462, 40 Pac. 58.) The allegations of the information follow the wording of the statute. (*People v. Stratton,* 141 Cal. 604, 75 Pac. 166.)

The defendant was in no way prejudiced by allegations of this nature, as he was fully apprised of the charge he would be called upon to meet. (*People v. Cease,* 80 Mich. 576, 45 N. W. 585; *Baker v. State,* 30 Ala. 521.)

MORGAN, J.—Appellant was accused of the crime of incest charged to have been committed with his daughter, who will be hereinafter referred to as the prosecutrix. The trial resulted in a verdict and judgment of conviction, from which, and from an order denying a motion for a new trial, this appeal has been taken.

The assignment of errors contains twenty-two specifications, which will not be considered separately, but the principles of law involved in the case will be sufficiently discussed to indicate the views of the court upon the questions thereby presented.

The record discloses that on May 24, 1915, the prosecutrix appeared before H. A. Westenfelder, Esq., a justice of the

peace in and for Grace precinct, Bannock county, and made and filed her verified complaint wherein she charged appellant with the commission of the crime above mentioned. The justice of the peace thereupon issued a warrant for his arrest, which was placed in the hands of the sheriff and was served by his deputy, who arrested the accused and took him before J. M. Knowles, Esq., a justice of the peace in and for Pocatello precinct, Bannock county, where, on May 25, 1915, he waived preliminary examination, and was held to answer in the district court.

On September 13, 1915, the prosecuting attorney filed his information in the district court charging appellant with the commission of the aforesaid crime. To this information a motion to quash was interposed upon the ground that the provisions of sec. 7525, Rev. Codes, had not been complied with, in that the magistrate before whom appellant was taken for preliminary examination had no jurisdiction over him. The motion was supported by an affidavit which discloses, in addition to the facts hereinbefore set forth, that appellant was arrested in Grace precinct and that he was not taken before the justice of the peace who issued the warrant and who resided in that precinct, wherein it is alleged the crime was committed and wherein resided all of the witnesses who may have been available for his defense, but that he was taken immediately to Pocatello, a distance of about seventy miles from his home. No reason for the failure of the deputy sheriff to take him before the justice who issued the warrant appears in the record, and we must assume that none which would be recognized as sufficient existed. The motion to quash was denied, and that ruling is assigned as error.

Appellant relies upon sec. 7525, *supra*, which is as follows:

"If the offense charged is one which must afterward be investigated by the grand jury, or presented to the district court upon information, the officer making the arrest must take the defendant before the magistrate who issued the warrant, but if such magistrate does not reside in the precinct where the offense was committed or the majority of the witnesses reside, the officer having the charge of the defendant

must take him, and the warrant, deposition, and all papers in the case, before some magistrate in such precinct for hearing and examination, or if there be no magistrate in such precinct, then before some magistrate residing in some other precinct, but all hearings on preliminary examinations must, as far as possible, be had before the magistrate most convenient to the majority of the witnesses for the prosecution, unless for good cause it is ordered to be held elsewhere, and in all such cases the preliminary examination must be had as hereinafter provided, unless such person shall waive his right to such examination, and for taking such examination the magistrate must be allowed twenty cents per folio.''

Counsel for respondent cite and rely upon the case of *State v. Griffin,* 4 Ida. 462, 40 Pac. 58, a case wherein the accused was arrested upon a warrant issued by and made returnable to a justice of the peace of a precinct other than that in which the offense was charged to have been committed. The syllabus in that case is as follows:

''It is the province of the prosecuting officer to designate the precinct where, and the magistrate before whom, a preliminary examination upon a criminal charge shall be had, within the county wherein the offense is alleged to have been committed, and most convenient to a majority of the witnesses for the prosecution.''

The case is not exactly in point, for it does not appear that in the case at bar the prosecuting officer designated the precinct where, and the magistrate before whom, the preliminary examination was to be had.

The jurisdiction of a justice of the peace, sitting as a committing magistrate, extends throughout the county, and such a magistrate with whom a criminal complaint is filed charging that a felony or an indictable misdemeanor has been committed and who entertains the complaint and issues a warrant for the arrest of the accused thereby acquires jurisdiction to hold a preliminary examination of such charge, and he cannot be ousted therefrom by the officer who makes the arrest. It was the duty of the officer in this case to take appellant for preliminary examination before the magistrate who issued

the warrant, and appellant had a right to have the preliminary examination conducted by that magistrate, unless some reason existed and was made to appear to the contrary. But this was a right which he could and did waive by his failure to demand that he be returned to Grace precinct, and to the justice of the peace who issued the warrant for preliminary examination.

Justice Knowles, in Pocatello precinct, had jurisdiction to inquire into the case, by way of preliminary examination, had it been commenced in his court or properly transferred to it; and appellant, by his failure to make objection, and by his express waiver of preliminary examination, effectually waived his right to object to the proceedings had before that magistrate.

The information charges that appellant, on or about the 8th day of March, 1915, at Turner, in the county of Bannock, state of Idaho, did then and there wilfully, unlawfully, knowingly, feloniously and incestuously commit adultery with the prosecutrix (naming her), who was then and there his daughter, they then and there being persons within the degrees of consanguinity within which marriages are declared by law to be incestuous and void. Objection was made to the introduction of any evidence in support of the allegations of the information upon the ground that it did not state facts sufficient to constitute a public offense. The objection was overruled, and the ruling is assigned as error.

It is urged that this information falls short of charging that an act of sexual intercourse occurred, and that, while appellant was accused of having committed adultery with the prosecutrix, that is but a conclusion of law based upon a certain state of facts set out in sec. 6807, Rev. Codes, as follows:

"A married man who has sexual intercourse with a woman not his wife, an unmarried man who has sexual intercourse with a married woman, a married woman who has sexual intercourse with a man not her husband, and an unmarried woman who has sexual intercourse with a married man, shall be guilty of adultery. . . . . "

Sec. 6809, Rev. Codes, declares who may be guilty of incest, as follows:

"Persons being within the degrees of consanguinity within which marriages are declared by law to be incestuous and void, who intermarry with each other, or who commit fornication or adultery with each other. . . . . " .

The degrees of consanguinity mentioned in sec. 6809, *supra*, are defined by sec. 2615, Rev. Codes, as follows:

"Marriages between parents and children, ancestors and descendants of every degree, and between brothers and sisters of the half as well as the whole blood, and between uncles and nieces, or aunts and nephews, are incestuous, and void from the beginning, whether the relationship is legitimate or illegitimate."

It is clear that persons who are within the prohibited degrees of consanguinity may commit incest by intermarriage, or by the commission of fornication or adultery with each other, and it is equally clear that the word "adultery" was used in the charging part of this information in order to inform appellant that the state would rely upon and attempt to prove an act of sexual intercourse committed by himself and the prosecutrix at a time when one of them, at least, was married to another, and not upon marriage between themselves, nor upon fornication. It is true the information does not state, in so many words, that appellant committed an act of sexual intercourse with and carnally knew the prosecutrix, but the word "adultery" is of such common use and so well understood that we cannot imagine appellant to have been misled nor left in doubt as to what was meant by it.

Sec. 7657, Rev. Codes, requires the offense charged in an information to be stated with the same fullness and precision in matters of substance as is required in indictments in like cases, and subdivision 2 of sec. 7677 provides that an indictment must contain "A statement of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." Sec. 7687 provides: "No indictment is insufficient, nor can the trial, judgment, or other proceeding thereon,

be affected, by reason of any defect or imperfection in matter of form, which does not tend to the prejudice of a substantial right of the defendant upon its merits." This court has heretofore held, in construing these statutory provisions, that an indictment or information is sufficient if the words employed make the charge clear to the common understanding. (*State v. Lottridge, post*, p. 53, 155 Pac. 487, and cases therein cited.)

We conclude that the information in this case states facts sufficient to constitute the offense of which appellant was convicted, and that no error was committed in overruling the objection.

It appears from the testimony of the prosecutrix that she became pregnant; that shortly before this occurred she had frequently indulged in sexual intercourse, not only with appellant, but also with another man whom she afterward married and from whom she was divorced prior to making this complaint. She was permitted to testify, over objection, that appellant caused her to be pregnant. The following questions, among others, were propounded to her, and were answered by her:

"Who was the cause of your being in a family way?"

"How many times, if you know, were you in a family way, the direct cause being your father?"

In response to questions which were objected to, she was further permitted to testify that she took some medicine which appellant gave her, and that it resulted in her having a miscarriage.

In view of the admission of the prosecutrix that she indulged in sexual intercourse, not only with appellant but repeatedly with another man, shortly before she became pregnant, her testimony as to who was the cause of her pregnancy would be, at best, but a guess. It is likely to have misled the jury, and should have been excluded. Questions as to the result of the medicine she took called for expert testimony from a witness not qualified to answer, and the objection thereto should have been sustained.

Upon the direct examination of Charles B. Goldsbury, a witness for the prosecution, after he had testified that the

prosecutrix had visited his home, the following appears in the record:

"Q. Do you recall one night when she didn't want to go home?

"A. I recall a good many times when she didn't.

"Q. Did she say on that night why she didn't want to go home?

"Mr. Merrill.—We object as being hearsay, immaterial and incompetent. Also irrelevant.

"Mr. Smith.—We offer it for the purpose of showing that the girl did not want to go home on account of her father's actions, and that she was afraid to go home.

"Mr. Merrill.—It is irrelevant, incompetent and immaterial.

"Mr. Smith.—Maybe it is.

"The Court.—Do you want to insist on the question?

"Mr. Smith.—Yes.

"The Court.—Let him answer.

"A. In order that you may understand this fully, it would probably be well that I should state how it come about.

"Q. State the whole thing."

Whereupon the witness, after making an introductory statement, testified:

"When this come up then, why she stayed at my place for some little time, and I went down by their place one day and when I come back she asked me how the little girl was, and I told her that they were all right, but they needed care, and that I thought she ought to go home and take care of them. She told my wife that that was the reason she didn't want to go home, that her father had been molesting and bothering her, and I says, 'Go home, and tell your father that if he doesn't let you alone that you will not stay there, but if he will let you alone and behave himself that you will stay there and attend to the children.'

"Mr. Budge.—I move to have the entire answer stricken out as being hearsay and incompetent, and the jury be instructed to disregard it.

"The Court.—The motion will be denied."

The ruling of the court must have been based upon the theory that in a prosecution for rape or for assault with intent to commit rape, the fact that the victim made complaint shortly after the outrage may be shown as a corroborating circumstance. (*State v. Neil,* 13 Ida. 539, 90 Pac. 860, 91 Pac. 318.) Assuming that the same rule would apply in a prosecution for incest where the prosecutrix is under the statutory age of consent, as is the case here, and assuming that the testimony above quoted was relevant and had a tendency to show that appellant had attempted, or had accomplished, an act of sexual intercourse with her, yet it was error to admit a statement in detail of her complaint, and the motion to strike it out should have been granted.

It is said in 33 Cyc. 1463: "It is admissible to show by testimony of the prosecutrix or other witnesses, in corroboration of her testimony, that complaint was made shortly after the commission of the alleged offense, and when, where, and to whom it was made, but by the weight of authority the evidence must be confined to the bare fact that complaint was made; the details or particulars of the complaint not being admissible as substantive testimony unless the statement is part of the *res gestae.* The particulars of the complaint are competent, however, by way of corroboration of the prosecutrix when her testimony has been impeached, or they may be brought out by defendant on cross-examination; and if defendant, on cross-examination, brings out a portion of the particulars, the rest may be brought out by the state." (See, also, *State v. Harness,* 10 Ida. 18, 16 Pac. 788; *State v. Fowler,* 13 Ida. 317, 89 Pac. 757.) No foundation was laid to introduce the details, or particulars, of the complaint made to the witness Goldsbury, since no showing had been made that appellant was present at the conversation, nor that an act of sexual intercourse had been recently committed, or attempted, upon the prosecutrix. Furthermore, it must be remembered that this testimony was adduced by the prosecution upon direct examination and as a part of its case in chief, and up to that time no effort had been made to impeach her.

While this testimony may appear to be harmless in that a statement by the prosecutrix that appellant had been "molesting and bothering" her falls so far short of being an accusation of criminal conduct upon his part that it might not prejudice his substantial rights, still it must be remembered that a jury would be very likely to mistake such a statement, or complaint, for a corroborating circumstance and be misled by it.

Complaint is made of the action of the court in giving a certain instruction to the jury, and in refusing to give one asked for on behalf of appellant. The instructions given fully and correctly state the law applicable to the facts in this case, and we find no error in that particular.

Counsel for appellant insists that the evidence is insufficient to support the verdict and judgment of conviction. We will not quote from, nor comment upon, the evidence at length, but will say that the testimony of the prosecutrix is well-nigh incredible. According to her statement her father first attempted the heinous offense of which she finally accused him when she was but ten years of age, and for a number of years prior to his arrest he cohabited with her, and that one of these unnatural acts occurred within a very few days after she had an abortion and while she was suffering from the effects of it. By her own sworn statements she is shown to have been guilty of many acts of immorality with a number of men, and to have resented the restraint which her father sought to exercise in order to correct her propensity to waywardness in this particular.

It appears from the record that among those who were guilty of criminal intercourse with her was her uncle, a young man 23 or 24 years of age, and that when appellant learned of the relations existing between them he drove the young man from the home. It is shown by the testimony of a younger brother and sister of the prosecutrix that she told them she was going to have appellant sent to prison, dispose of his property, appropriate the proceeds, have two of his children sent to the reform school, give two more of them to a relative, take another one with her, and that she and the

uncle in question were going to California and get married. It also appears that when she went to the magistrate to make the complaint and to procure the warrant of arrest to be issued, this same uncle went with her. In addition to this, a number of witnesses who have for a long time resided in the same community with the prosecutrix testified that her general reputation for truth, honesty and integrity in that neighborhood is bad.

The appellant testified and specifically denied the accusations of the prosecutrix and he was, in some particulars, corroborated by other witnesses. He was, moreover, shown by the testimony of his neighbors to have been, prior to the time this charge was brought against him, a man of good reputation in the community in which he resided.

The facts in this case bring it well within the rule laid down in case of *State v. Clark,* 27 Ida. 48, 146 Pac. 1107, wherein it was said: "Where the testimony of the prosecutrix is contradictory or her reputation for truthfulness and veracity is impeached and the defendant testified and denied specifically the testimony of the prosecutrix and his testimony was corroborated by other witnesses, the testimony of the prosecutrix, standing alone and without corroboration, will not warrant a conviction." (See, also, *State v. Baker,* 6 Ida. 496, 56 Pac. 81; *State v. Anderson,* 6 Ida. 706, 59 Pac. 180; *State v. Trego,* 25 Ida. 625, 138 Pac. 1124.) By corroboration is meant evidence other than that of the prosecutrix which, in itself and without the aid of her testimony, tends to connect the accused with the commission of the offense.

The record in this case discloses no evidence which corroborates the prosecutrix and appellant's motion for a new trial should have been granted.

The judgment of the district court is reversed and the cause remanded for a new trial.

Sullivan, C. J., and Cowen, District Judge, concur.