(December 26, 1924.)

STATE, Respondent, v. J. O. BOWKER, Appellant.

[231 Pac. 706.]

STATUTORY RAPE — UNCORROBORATED TESTIMONY OF PROSECUTING WITNESS—CONFLICTING INSTRUCTIONS—WHEN PREJUDICIAL ERROR.

1. While a conviction for the rape of an unmarried female under the age of eighteen may be had on the uncorroborated testimony of the prosecutrix, this is only warranted when her reputation for chastity and truth is unimpeached and the facts and circumstances surrounding the commission of the offense are corroborative of her testimony, and her statements are not contradictory.

2. In a prosecution for statutory rape, where one instruction given by the court tells the jury that the testimony of the prosecuting witness need not be supported by that of another witness or other corroborating circumstances, and the court thereafter instructs that a defendant may be convicted upon the uncorroborated testimony of the prosecutrix only when her character for chastity and truth is unimpeached and where the surrounding circumstances clearly corroborate her statements, such instructions are conflicting and irreconcilable and constitute prejudicial error.

3. In a prosecution for statutory rape, where the instructions of a court to a jury are conflicting to such an extent that if the jury followed the first they should convict, but if they followed the second they could not properly convict the defendant of the charge, the giving of such conflicting instructions constitutes prejudicial error.

APPEAL from the District Court of the Seventh Judicial District, for Payette County. Hon. B. S. Varian, Judge.

Prosecution for statutory rape. Judgment of conviction. *Reversed* and *remanded.*

Publisher's Note.

1. Necessity and sufficiency of corroboration of prosecutrix in prosecution for rape, see notes in 6 **Ann. Cas.** 771; 17 **Ann. Cas.** 413; **Ann. Cas.** 1913D, 660.

Norris & Sutton, George Donart and Morgan & Smith, for Appellant.

Where the testimony of the prosecutrix in a rape case is contradictory and her story as to what occurred at the time and place she asserts the crime was committed is improbable, her uncorroborated testimony is not sufficient to justify a verdict of guilty nor to support a judgment of conviction. (33 Cyc. 1491; *State v. Baker,* 6 Ida. 496, 56 Pac. 81; *State v. Anderson,* 6 Ida. 706, 59 Pac. 180; *State v. Clark,* 27 Ida. 48, 146 Pac. 1107; *State v. Andrus,* 29 Ida. 1, 156 Pac. 421; *Morris v. State,* 9 Okl. Cr. 241, 131 Pac. 731; *Allen v. State,* 10 Okl. Cr. 55, 134 Pac. 91; *State v. Hobson* (Mo.), 177 S. W. 374; *Ex parte Ledington* (Okl. Cr.), 192 Pac. 595; *Force v. State,* 105 Neb. 175, 179 N. W. 387, and cases therein cited; *Kedwell v. United States,* 38 D. C. App. 566, at 573; *People v. Benson,* 6 Cal. 223.)

Instructions numbered 13 and 14, as given, not only do not correctly state the law but they are extremely confusing and must have misled the jury.

A. H. Conner, Attorney General, and James L. Boone, Assistant, for Respondent.

Instructions 13 and 14, given by the court on its own motion, have been approved by this court in case of *State v. Anderson,* 6 Ida. 706, 59 Pac. 180; *State v. Short* (Ida.), 228 Pac. 274.

WILLIAM A. LEE, J.—Appellant was charged, under subdivision 1 of C. S., sec. 8262, with what is commonly designated as statutory rape, committed upon the person of Leona Rogers, who at the time of the commission of the alleged offense was seventeen years old. From a judgment of conviction appellant appeals to this court and makes numerous assignments of error, not all of which it will be necessary to consider. The principal assignments relied upon are that the evidence is insufficient to justify the verdict or support the judgment in that the testimony of the prosecutrix is contradictory, she is not corroborated by the

testimony of any other witness, the facts and circumstances surrounding the alleged commission of the offense are not corroborative of her testimony; and secondly, that instructions thirteen and fourteen are contradictory, cannot be reconciled, and incorrectly state the law.

The prosecutrix testified that her home was about a mile east of Payette, where she lived with her parents; that she became acquainted with appellant about six weeks before April 18, 1923, the time the offense is alleged to have been committed; that about 4 o'clock in the afternoon of that day she was on her way home and met appellant, who said he would take her there and save her the walk; that she got in appellant's car and they started in the direction of her home, but when they arrived within a block of the place appellant turned the car in another direction and proceeded to the foothills where he stopped and made known his purpose, and told her to "come across" and that he would not take her home until she had done so; that she remonstrated with appellant and that he took hold of her hands and kept fooling with her until he had accomplished an act of intercourse with her, after which he brought her back and let her out of the car near her home. On cross-examination prosecutrix stated that she was very much enraged with appellant for what had taken place, but said that she had made no complaint about the alleged assault until several days thereafter. While her testimony regarding this is contradictory, it may fairly be inferred from her own statements that she refrained from making any complaint until certain of the officials threatened to have her sent to the reform school unless she did make a disclosure of the facts and agree to prosecute appellant. We do not mean to imply that the record does show that the officers made such a threat. Her statement that they had done so was subsequently denied by her. Other witnesses who claim to have heard the conversation say they did not hear the officers make such a threat. She testified that she had gone to Boise during the week and following the alleged commission of the offense, which was on Wednesday, and did not make any statement concerning the alleged assault until

the following week, or about the 25th of April, and when asked on cross-examination if it were not a fact that before she made any complaint she had been threatened with a criminal prosecution by the officers, after some hesitation and a second repetition of the question she finally replied, "Yes, sir." On redirect she was asked by the prosecuting attorney what she meant when she testified that either he or the sheriff threatened to prosecute her for a criminal offense at that time, to which she replied, "That time?" and was then asked whether she fully understood the question as to having been threatened and whether they did in fact threaten her, and she stated that she did not fully understand the question, and as to whether the prosecuting attorney made any threat answered, "Not as I remember."

The sheriff testified that he had a conversation with appellant subsequent to the time of the alleged commission of the offense and that appellant admitted he had been out in the hills with the prosecutrix but said he was too drunk to have intercourse with her. The sheriff further stated that he had been out to the place where the prosecutrix stated the act took place and saw marks of the wheels of a car evidently made when the road was muddy.

The mother of the prosecutrix testified that her daughter was seventeen years old.

This is substantially all of the evidence offered by the state in addition to that of the prosecutrix, and there is no direct evidence corroborating her testimony as to the commission of the offense, unless the foregoing is corroborative.

The law wisely prohibits any female under the age of eighteen from consenting to her own defilement; that is, entirely irrespective of her consent, it makes sexual intercourse with any female under the age of eighteen, not the wife of the perpetrator, a felony punishable by imprisonment for not less than five years and which may extend to life. This is true without regard to her previous chastity or want of chastity, and hence, testimony tending to show the consent of the female or that she was of unchaste character is not admissible as a substantive defense. (22 R. C. L., p. 1208, sec. 42.) However, this court as well as most

other courts, have laid down the rule that in the trial of prosecutions under this statute a person may be convicted of rape upon the testimony of the prosecutrix where there is no direct evidence corroborating her testimony only when her reputation for truth and chastity are unimpeached and the circumstances surrounding the commission of the offense are clearly corroborative of her statements. (*State v. Anderson*, 6 Ida. 706, 59 Pac. 180; *State v. Kaker*, 6 Ida. 496, 56 Pac. 81; *State v. Trego*, 25 Ida. 625, 138 Pac. 1124; *State v. Andrus*, 29 Ida. 1, 156 Pac. 421.) This doctrine was reaffirmed in the recent case of *State v. Short*, 39 Ida. 446, 228 Pac. 274, wherein it is said that "a judgment of conviction of rape based upon the testimony of the prosecutrix alone cannot be sustained in any event unless the circumstances surrounding the commission of the offense are clearly corroborative of her statements."

33 Cyc., p. 1491, states the rule: "The testimony of the prosecutrix as to the sexual intercourse with other testimony or circumstances tending to show the same is sufficient, but if the evidence of the prosecutrix is contradictory, and other evidence of its falsity is offered, a conviction is not warranted."

In determining the sufficiency of the evidence there must be considered the ease of assertion of the accomplishment of the sexual act, with impossibility of defense save by direct denial, or of the proneness of the woman, when she finds the fact of her disgrace discovered or likely of discovery, to minimize her fault, which have led courts to hold to a very strict rule of proof in such cases. The uncorroborated testimony of the prosecutrix is generally considered insufficient to sustain a conviction where it is inconsistent with the admitted facts of the case; where it contains numerous and serious contradictions; where it is inherently improbable or incredible; or where it is obtained through fear, threats, coercion or duress. (Ann. Cas. 1913D, 660.) No hard-and-fast rule can be laid down on the subject of corroboration. Each case must depend upon its own merits and surrounding circumstances. Whether the offense is

statutory or the common-law crime must be taken into consideration. (22 R. C. L., p. 1223, sec. 57.)

In *People v. Tarbox*, 115 Cal. 57, 46 Pac. 896, that court in considering what facts and circumstances do tend to corroborate the testimony of a prosecutrix holds that where the evidence only shows an opportunity for the commission of the offense by the defendant and does not exclude similar opportunities by others it is not corroboration, and this rule is also announced in *State v. Short, supra,* where it is said:

"It is not contended by the Attorney General, and surely cannot be by anyone, that the mere circumstance that this boy and girl were together on the ride and had therefore an opportunity to commit the offense constitutes the corroboration required in the Anderson case, and to so hold would authorize a conviction upon the uncorroborated testimony of the prosecutrix aided only by evidence of an opportunity to commit the crime."

A careful inspection of the record in this case fails to show any fact or circumstance tending to corroborate the testimony of the prosecutrix other than the fact that appellant invited her to ride with him, and instead of taking her directly to her home they drove some distance beyond there, and hence the opportunity for the commission of the offense was present. This does not constitute a sufficient corroboration under the rule announced by the authorities as to what is sufficient corroboration, and therefore the evidence is insufficient to support the verdict and judgment thereon.

Appellant assigns as error the giving of instructions 13 and 14. That part of instruction 13 which is particularly objectionable is as follows:

"The law does not require in this character of case that the prosecuting witness be supported by another witness or other corroborating circumstances, but does require that you examine her testimony with caution."

This instruction tells the jury that the testimony of the prosecuting witness need not be supported by another witness or other corroborating circumstances, and makes no

qualification or exception. We think this instruction is not in accord with the rule announced in *State v. Anderson, supra,* and approved by the several later cases referred to, the last being *State v. Short, supra.* While instruction 14 is given in substantially the language approved in the Anderson case, the two instructions cannot be reconciled. If the jury followed instruction 13 it would have been bound to convict the defendant, whereas, if it followed instruction 14 it would probably have acquitted him,—in fact, could scarcely have done otherwise.

In considering instructions of a court to a jury they must be considered as a whole, and error cannot be predicated upon a single instruction or part thereof which may be objectionable when not considered in connection with the instructions as a whole. But where two or more instructions are given that are irreconcilable, and the facts are such that under one of the instructions a jury should find the defendant guilty, and under the other it could not properly do so, it is prejudicial error.

The cause is reversed and remanded, with instructions to set aside the judgment of conviction and award a new trial.

Wm. E. Lee, J., concurs.

McCARTHY, C. J.—I concur on the second ground stated in the opinion of Mr. Justice William A. Lee, to wit, the error in the instructions.

Budge, J., did not sit at the hearing and took no part in the decision.