STATE, Respondent, v. WILLIAM HINES, Appellant.

[254 Pac. 217.]

CRIMINAL LAW—RAPE—LACK OF CORROBORATION—ERRONEOUS INSTRUCTIONS.

1. Instruction, in prosecution for rape, on purpose for which evidence of defendant's having committed other similar acts had been admitted, *held* erroneous in assuming that there was any other evidence showing commission of acts of similar nature.

2. The court is not authorized to assume injurious facts against an accused in charging the jury.

3. Instruction in rape prosecution that prosecutrix's testimony would be sufficient to warrant conviction without corroborating circumstance or evidence, unless testimony was contradictory, or reputation for truth impeached, *held* in conflict with instruction clearly stating the law and requiring corroboration in addition to unimpeached character for chastity and truth, and constituted error.

4. Judgment of conviction of rape, based on testimony of prosecutrix alone, cannot be sustained in any event, unless cir-

cumstances surrounding commission of offense are clearly corroborative of her statements.

5. Whether or not testimony of prosecutrix, in prosecution for rape, is clearly corroborative of other facts and circumstances, is in the first instance a question for the jury.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Defendant appeals from a judgment of conviction of rape. *Reversed and remanded.*

Delana & Delana and E. V. Larson, for Appellant.

An instruction assuming that the evidence shows another like offense, or assuming that the evidence establishes a certain fact, when the evidence does not prove or tend to prove the similar offense, or establish such fact, is clearly erroneous, and is an invasion of the province of the jury by the court. (*Arnold v. State* (Tex. Cr.), 83 S. W. 205; *Homer v. State* (Tex. Cr.), 65 S. W. 371; *Sischo v. United States,* 296 Fed. 696; *State v. Herbert,* 92 N. J. L. 341, 105 Atl. 796; *Barber v. State,* 125 Miss. 138, 87 So. 485; *People v. Parish,* 59 Cal. App. 302, 210 Pac. 633; *State v. Dale,* 110 Wash. 181, 188 Pac. 473; *State v. Wilder,* 98 Or. 130, 193 Pac. 444.)

Where two instructions are given, covering the same subject matter, one correctly and the other incorrectly stating the law, and such instructions are irreconcilable, and the

Publisher's Note.

2. See 14 R. C. L. 738.

4. Necessity for corroboration of prosecutrix in rape case, see notes in 80 Am. Dec. 369; 6 Ann. Cas. 771; 17 Ann. Cas. 414; Ann. Cas. 1913D, 660. See, also, 22 R. C. L. 1322.

5. See 22 R. C. L. 1226.

See Criminal Law, 16 C. J., sec. 2328, p. 949, n. 96, p. 950, n. 97; sec. 2330, p. 951, n. 9; sec. 2478, p. 1038, n. 76.

Rape, 33 Cyc., p. 1498, n. 90, 92.

facts are such that under one of such instructions the jury could find the defendant guilty, and under the other it could not properly do so, the giving of such instruction is prejudicial error. (*State v. Bowker,* 40 Ida. 74, 231 Pac. 706; *State v. Short,* 39 Ida. 446, 228 Pac. 274; *State v. Anderson,* 6 Ida. 706, 59 Pac. 180; *Force v. State* (Neb.), 179 N. W. 387; *Gazley v. State,* 17 Tex. App. 267; *People v. Benson,* 6 Cal. 221, 223, 65 Am. Dec. 506.)

In a prosecution for statutory rape, where the defendant positively and explicitly denies the statements of the prosecutrix, or where her statement of what occurred at the time and place she asserts the crime was committed is improbable, her testimony is insufficient to sustain a conviction, unless the circumstances surrounding the commission of the offense are clearly corroborative of her statements. (See cases last cited.)

Frank L. Stephan, Attorney General, and John W. Cramer, Assistant Attorney General, for Respondent.

Instruction No. 9 is a correct statement of the law. (*State v. Lancaster,* 10 Ida. 410, 78 Pac. 1081.)

All of the instructions must be read and considered together. (*State v. Jurko,* 42 Ida. 319, 245 Pac. 685.)

Where two instructions are conflicting and the facts are such that a jury should find a defendant guilty under the correct one, or both, the error in giving the incorrect one is harmless. (*State v. Bowker,* 40 Ida. 74, 231 Pac. 706.)

An accused may be convicted upon the uncorroborated testimony of the prosecutrix where her reputation for truth and chastity is unimpeached and the facts and circumstances surrounding the commission of the offense clearly corroborate the statements of the prosecutrix. (*State v. Mason,* 41 Ida. 506, 239 Pac. 733; *State v. Short,* 39 Ida. 446, 228 Pac. 274.)

Where there is substantial evidence to support the verdict it will not be disturbed on appeal. (*State v. Shepard,* 39

Ida. 666, 229 Pac. 87; *State v. Bouchard,* 27 Ida. 500, 149 Pac. 464.)

TAYLOR, J.—Defendant appeals from a judgment of conviction of rape committed upon a female under the age of eighteen years. Appellant assigns three errors: (1) The giving of an erroneous instruction, No. 9; (2) the giving of two instructions upon the question of the necessity of corroboration, "because they are contradictory and confusing, cannot be reconciled and do not correctly state the law"; (3) that the evidence is insufficient to justify the verdict or support the judgment.

[1] Instruction No. 9 complained of is as follows:

"You are instructed, gentlemen, that certain evidence has been introduced in this case which may tend to show that the defendant committed other acts of a similar nature to the one charged in the information upon the prosecutrix. You are charged that such evidence has been admitted in this case not for the purpose of proving a different offense, for the defendant can only be convicted of the specific offense charged in the information, but for the sole purpose of showing the relation and familiarity of the parties and as corroborative of the prosecutrix's testimony concerning the particular act relied upon for the conviction."

[2] This instruction was erroneous in assuming that there was any other evidence tending "to show that the defendant committed other acts of a similar nature to the one charged in the information upon the prosecutrix." There was no evidence of any other sexual intercourse or acts which could be properly termed "of a similar nature." While this instruction might not, standing alone, be reversible error, it was erroneous. It was not called for or authorized by any fact in the case. It assumed facts as having been proved that were not shown to exist.

"The court is not authorized to assume injurious facts against an accused in charging the jury." (*Arnold v. State* (Tex. Cr. App.), 83 S. W. 205.)

See, also, *Homer v. State* (Tex. Cr. App.), 65 S. W. 371; *Sischo v. United States*, 296 Fed. 696.

[3] Appellant assigns as error the giving of instructions Nos. 6 and 7. Instruction No. 6 told the jury that the testimony of the prosecutrix would be sufficient of itself to warrant a conviction "without other corroborating circumstances or evidence," unless her testimony was contradictory or her reputation for truth impeached, and that it was only in such case that she must be corroborated by other evidence of facts and circumstances which of itself, "without the aid of her testimony, tends to connect the accused with the commission of the offense."

*State v. Pettit*, 33 Ida. 326, 193 Pac. 1015, is cited as authority for a similar instruction, but it was not there attacked upon the ground stated here, and was accompanied by another as follows:

"You are instructed that in the case of rape it is not essential that the prosecutrix should be corroborated by the testimony of other witnesses as to the particular act constituting the offense, and if the jury believe from the testimony of the prosecutrix, and the corroborating circumstances, and facts testified to by other witnesses, that the defendant did make the assault as charged, the law would not require that the prosecutrix should be corroborated by other witnesses as to what transpired at the immediate time and place when it is alleged the assault was made."

This latter was declared "a correct statement of law," but that decision cannot be said to be authority that the testimony of the prosecutrix alone is sufficient upon which to convict, for it cites in its support *Dunn v. State*, 58 Neb. 807, 79 N. W. 719, where a charge of rape and attempt to commit rape were made in two counts and the defendant convicted of the attempt, in which the court, in passing upon this point, said:

"While the law in this class of cases requires that the prosecutrix shall be corroborated, it does not demand that the corroboration shall be by direct evidence of the particu-

lar fact constituting the crime. Proof of incriminating circumstances is sufficient.''

Thus, the Pettit case cannot be said to have departed from the rule laid down in all other Idaho decisions.

[4]  Assuming, for the sake of argument, that the testimony of the prosecutrix was not contradictory, and that her reputation for truth was unimpeached, instruction No. 6 advised the jury that it might be sufficient ''without other corroborating circumstances or evidence,'' when all of the decisions of this court demand, in such case, in addition to an unimpeached reputation for truth and chastity, that the circumstances surrounding the commission of the offense are clearly corroborative of the statements of the prosecutrix.

''A judgment of conviction of rape based upon the testimony of the prosecutrix alone cannot be sustained in any event unless the circumstances surrounding the commission of the offense are clearly corroborative of her statements.'' (*State v. Short*, 39 Ida. 446, 228 Pac. 274.)

See, also, *State v. Bowker*, 40 Ida. 74, 231 Pac. 706; *State v. Anderson*, 6 Ida. 706, 59 Pac. 180.

Instruction No. 7 correctly stated the law in accordance with the foregoing decisions, that in addition to an unimpeached character for chastity and truth, there must be corroboration.

In *State v. Bowker, supra*, the giving of two contradictory instructions upon this same point, one correct, the other incorrect, but which could not be reconciled, was held reversible error. The court was considering a record in which the defendant did not, as here, take the stand and directly deny the testimony of the prosecutrix. The opinion of the author in that decision that the evidence was insufficient, was not concurred in by a majority, and it does not, therefore, rest upon the sufficiency of the evidence, but alone upon the erroneous and conflicting instructions.

It is no argument for or against an instruction which permits a conviction without corroboration of the prosecutrix that there was corroboration in one case or none in the

Opinion of the Court—Budge, J., Dissenting.

other, for the fact of corroboration, as well as all others, is first for the jury to determine. The test of such instruction cannot be made to rest upon whether there was corroboration, but on whether it was necessary for the jury to find corroboration or acquit.

The two instructions here are no more reconcilable than in the Bowker case. On the authority of that and other decisions of this court, the judgment must be reversed. (*State v. Clark*, 27 Ida. 48, 146 Pac. 1107; *State v. Andrus*, 29 Ida. 1, 156 Pac. 421.) .

Appellant's assignment as to the insufficiency of the evidence is that "The testimony of the prosecutrix is contradictory, its truth is inherently improbable, and her story as to what occurred at the time and place she asserts the crime was committed, is not corroborated by the testimony of any other witness nor by any circumstance disclosed by the record."

[5] Whether or not the testimony of a prosecutrix is clearly corroborated by other facts and circumstances is, in the first instance, a question for the jury, and unless this court can say, as a matter of law, that such evidence is not clearly corroborative, we cannot reverse the cause upon that ground. (*State v. Mason*, 41 Ida. 506, 239 Pac. 733.) In view of a new trial granted upon other grounds, we will not discuss the evidence. This assignment is denied.

The judgment is reversed and the cause remanded for a new trial.

Wm. E. Lee, C. J., and T. Bailey Lee, J., concur.

BUDGE, J., Dissenting.—I find myself unable to concur in the majority opinion.

Instruction No. 9 is not erroneous, and is not, therefore, subject to criticism in that by that instruction the court withdrew from the jury the right to determine whether evidence, to which reference is made in the instruction, tended to show the commission of other acts of a similar nature to

the one charged in the information. The instruction does not say that there is evidence *tending* to show the commission of other acts of a similar nature, but simply states that there is evidence which *may* tend to show the commission of such other acts. In using the words "may tend" the court was not "assuming" that the evidence *did* tend to show the commission of acts of a similar nature, and it is submitted that a fair construction of the instruction does not warrant the conclusion that "it assumed facts as having been proved that were not shown to exist." The facts warranted the giving of instruction No. 9, since there was evidence of other acts, of an unprintable nature, which at least had a tendency to corroborate the testimony of the prosecutrix and to show the relation and familiarity of the parties, as well as the licentious disposition of appellant. (*State v. Lancaster*, 10 Ida. 410, 78 Pac. 1081.)

The majority opinion holds that the judgment must be reversed, upon the authority of *State v. Bowker*, 40 Ida. 74, 231 Pac. 706, for the reason that instructions Nos. 6 and 7 are contradictory and irreconcilable. The facts in *State v. Bowker* are entirely different from those in the case at bar. In the Bowker case it is held that there was no corroborating evidence; in the instant case it is admitted that there is ample corroborating evidence, which being true, the jury could not have convicted appellant upon the uncorroborated testimony of the prosecutrix. In the course of the opinion in the Bowker case it is said:

"A careful inspection of the record in this case fails to show any fact or circumstance tending to corroborate the testimony of the prosecutrix other than the fact that appellant invited her to ride with him, and instead of taking her directly to her home they drove some distance beyond there, and hence the opportunity for the commission of the offense was present. This does not constitute a sufficient corroboration under the rule announced by the authorities as to what is sufficient corroboration, and therefore the evidence is insufficient to support the verdict and judgment thereon."

Other cases besides that of *State v. Bowker, supra,* are relied upon by the majority, but, in my opinion, are not in point.

There is authority for the giving of instruction No. 6. See Branson's Instructions to Juries, p. 586, sec. 663, where practically the same language is used. See, also, *People v. Keith,* 141 Cal. 686, 75 Pac. 304. While it is true that in instruction No. 6 the court charged the jury that if the testimony of the prosecutrix created in the minds of the jury a satisfactory conviction and belief, beyond a reasonable doubt, of defendant's guilt, it was sufficient of itself, without other corroborating circumstances or evidence, to warrant a verdict of guilty, unless her testimony was contradictory or her reputation for truth was impeached, the prosecutrix stood unimpeached for truth and chastity, her testimony was not contradictory, and there was corroborating evidence of other facts and circumstances, other than the testimony of the prosecutrix, which tended to connect the accused with the commission of the crime. The instruction did not include what was subsequently stated in instruction No. 7, that, even though the prosecutrix was unimpeached, other facts and circumstances of the offense must have been shown to corroborate her statements. Conceding that instruction No. 6 was not complete, when read in connection with all of the instructions given, and in the light of the record, the giving of instruction No. 6 was not prejudicial error. It was not necessary that the prosecutrix be corroborated by the testimony of other witnesses.

"It is well settled that one may be convicted of rape upon the uncorroborated testimony of the prosecutrix, if the jury believes her story. (*People v. Mayes,* 66 Cal. 597, 56 Am. Rep. 126, 6 Pac. 691; *People v. Logan,* 123 Cal. 414, 56 Pac. 56; *People v. Benc,* 130 Cal. 159, 62 Pac. 404; *People v. Preston,* 19 Cal. App. 675, 127 Pac. 660; *People v. Bernon,* 29 Cal. App. 424, 155 Pac. 1021; *People v. Akey,* 163 Cal. 54, 124 Pac. 718." (*People v. Sylvis,* 72 Cal. App. 632,

237 Pac. 802; *People v. Jones*, 76 Cal. App. 144, 244 Pac. 101.)

From the entire record it is clear that the jury were not misled by reason of the giving of instructions Nos. 6 and 7.

Had appellant been charged with the crime of robbery a conviction would be upheld upon the uncorroborated testimony of the prosecuting witness, provided the jury were satisfied, beyond a reasonable doubt, of appellant's guilt. In rape, under the majority opinion, we have a different rule as to the sufficiency of the proof. The prosecutrix stands unimpeached for truth and chastity; her evidence is uncontradictory, and the jury are satisfied, beyond a reasonable doubt, of appellant's guilt. Under the rule announced it is the duty of the court to instruct the jury that a conviction cannot stand in the absence of corroboration of the prosecutrix. She stands impeached unless corroborated. A female outraged, in the absence of corroborating evidence, is without redress under the rule announced. There should be no different rule in a rape case from any other criminal case, since it falls within no exception, and if the jury are satisfied, beyond a reasonable doubt, that rape has been committed, and that the defendant is guilty thereof, and there is sufficient competent evidence to support the verdict, the verdict should be upheld.

The prosecutrix was a child of tender years. She detailed the facts and circumstances of the outrages committed upon her. The jury were satisfied, beyond a reasonable doubt, of the truth of her story, which was corroborated, and there is no question under the evidence contained in the record, of appellant's guilt. To justify a reversal in a case of this character something more than a mere conflict in the instructions should afford a basis therefor.

The rule is too well established to require citation of authority that, in considering instructions of a trial court to a jury they must be considered as a whole, and error cannot be predicated upon a single instruction or a part thereof which may be objectionable when not considered in connec-

tion with the instructions as a whole. Even though an instruction is erroneous, and ordinarily the error would be material, yet if the circumstantial evidence of the defendant's guilt is satisfactory, that is, such as ordinarily produces moral certainty, or conviction in an unprejudiced mind, and the result could not have been different had the instruction been omitted, the case will not be reversed because of such erroneous instruction. *State v. Marren,* 17 Ida. 766, 107 Pac. 993, *State v. Silva,* 21 Ida. 247, 120 Pac. 835, *State v. Brill,* 21 Ida. 269, 121 Pac. 79, wherein it was held that if the evidence of the defendant's guilt is satisfactory, that is, such as ordinarily produces moral certainty or conviction beyond a reasonable doubt in an unprejudiced mind, and the result would not have been different had the instruction been omitted, the cause will not be reversed because of such erroneous instruction, where it appears that the court has correctly instructed the jury as to the law of the case in other instructions. To the same effect, see *State v. Ward,* 31 Ida. 419, 173 Pac. 497.

It is clear to my mind that the verdict rendered by the jury was not based upon the uncorroborated testimony of the prosecutrix; nor is it suggested in the majority opinion that there was not ample corroborative evidence. True, error may be found, but in order to justify a reversal it must have been prejudicial error, such as denied appellant a substantial right. From a consideration of the entire record there is, in my opinion, no prejudicial error, and the judgment of conviction should be upheld.

GIVENS, J., Dissenting.—In *State v. Bowker,* 40 Ida. 74, 231 Pac. 706, the latest expression by this court on similar conflicting instructions, the court expressly limited its conclusion that such instructions were prejudicial to a case where the "facts are such that under one of the instructions a jury should find the defendant guilty, and under the other it could not properly do so." In the case at bar it is conceded that the jury were justified in finding the defendant

guilty under either instruction; in other words, that *there were* corroborating circumstances.

I think there has arisen an unnecessary confusion with reference to the necessity for corroborating circumstances, and the proper instruction to be given the jury in connection therewith, and the correct rule seems to be that given in *Reeves v. Territory,* 2 Okl. Cr. 351, 101 Pac. 1039, where the court, construing *Tway v. State,* 7 Wyo. 74, 50 Pac. 188, relied upon by Huston, C. J., in *State v. Anderson,* 6 Ida. 706, 59 Pac. 180, said as follows:

"While the court should not instruct the jury that it is necessary to corroborate the testimony of the prosecutrix in order to convict a defendant of rape, yet the want of such corroboration should be considered by the court, in connection with all the facts and circumstances of the case, either in advising the jury to acquit the defendant, or in considering a motion for a new trial."

This reasoning and conclusion has, in principle, been approved by this court in *Hess v. Hess* (on rehearing), 41 Ida. 364, 239 Pac. 956.

The judgment should be affirmed.

Petition for rehearing denied.