CASES DETERMINED .

# SUPREME COURT OF NEBRASKA

## JANUARY TERM, 1907.

PATRICK J. FITZGERALD V. STATE OF NEBRASKA.

FILED JANUARY 5, 1907. No. 14,751.

1. **Rape**: EVIDENCE. The testimony of the prosecuting witness alone will not support a conviction of the crime of rape. Her testimony must be corroborated by other evidence.

2. ————: CORROBORATIVE EVIDENCE. Evidence that a young man has been "keeping company" with a young woman under 18 years of age, and that they were frequently together, does not of itself corroborate her testimony that he was guilty of the crime of rape under the statute.

ERROR to the district court for Chase county: LESLIE G. HURD, JUDGE. *Reversed.*

*W. S. Morlan* and *C. W. Meeker,* for plaintiff in error.

*Norris Brown, Attorney General, W. T. Thompson* and *J. L. McPheely, contra.*

SEDGWICK, C. J.

In the district court for Chase county the defendant was found guilty upon an information charging him with the crime of rape. It was alleged that the prosecuting witness upon whom the crime was committed was then under 18 years of age and not previously unchaste, and that the defendant was more than 18 years of age. The de-

4 (1)

fendant has brought the case here for review upon petition in error. Several errors are assigned, but the principal question presented is as to the sufficiency of the evidence to support the conviction. The prosecuting witness testified positively to facts constituting the crime, and the defendant as positively denied that he ever had sexual intercourse with her. In this state the testimony of the prosecuting witness must be corroborated by other evidence or the conviction cannot be sustained. The important question, then, in this case is whether there is sufficient evidence in this record supporting the testimony of the prosecuting witness to justify the conclusion, beyond reasonable doubt, that she ought to be believed rather than the defendant. If there is some testimony given, or some circumstances proved, substantially corroborative of the testimony of the prosecuting witness, the issue of guilt or innocence of the defendant must be submitted to the jury, and the finding of the jury is conclusive of the matter.

It appears from the evidence of the prosecuting witness that she first became acquainted with the defendant about one week prior to the first day of June, 1904. She became 18 years of age about four months later. The defendant was then about 29 years of age. They were in each other's company more or less for several weeks, when she went to Colorado. He also went away and was gone until some time in October. They then were in each other's company more or less until the following February, when she testifies: "He was engaged to another girl, and I did not have anything more to do with him." In the following June the defendant was married to a Miss Hoffmeister. On the 20th of September, 1905, the prosecuting witness gave birth to an illegitimate child. She at once caused the defendant to be arrested upon a charge of bastardy. She testifies that she never told anyone of her condition prior to the time of the birth of her child, and never charged the defendant with the crime for which he is now being prosecuted until that time. No

one but the prosecuting witness testifies to any improper conduct between herself and the defendant during the time that they were keeping company together. Soon after the hearing before the examining magistrate upon the charge of bastardy, the prosecuting witness made this complaint charging the defendant with rape. The intercourse which resulted in her pregnancy took place in December, 1904, three months at least after the prosecuting witness became 18 years of age. If he was guilty of the crime of rape the act took place during the few weeks of their acquaintance from the latter part of May to early in July of 1904. She testifies that it took place on the evening of the first of June, about one week after she first knew him. It will be seen that there are many things connected with the history of these transactions that tend to weaken the force of her testimony. The jury might properly consider these things in weighing her testimony as against the positive denial of the defendant, but, in the absence of circumstances of this nature, it is still necessary that her testimony should be corroborated. The necessity of corroboration in such cases was conceded upon the argument by counsel who appeared in behalf of the state, and it was insisted that corroboration of the testimony of the complaining witness is found in the fact that the parties were frequently together, thus showing an opportunity to commit the crime, and also in the testimony of the defendant himself. The defendant was asked how many times he called upon the young woman, how often he saw her and where, and was asked to fix the dates of these matters. He testified that he saw her several times during the few weeks immediately after becoming acquainted with her; that on some occasions he took her out to ride; that he called at her father's house to see her, and spent the evening with her on several occasions, and that on one occasion he spent an evening with her at the house of a neighbor where two other young people also were, on which occasion the prosecuting witness testifies that the alleged crime was com-

mited. The defendant was unable to state the exact
number of interviews that he had with the prosecuting
witness, and was wholly unable to fix the dates of these
respective interviews. Upon some other similar matters
his testimony was also indefinite. That he was not able to
be more definite upon these immaterial matters does not
tend to corroborate the testimony of the prosecuting wit-
ness, particularly in view of the fact that she was unable
to be any more definite upon these matters herself. The
evidence was taken nearly two years after the matters
inquired about, and it is possibly not strange that neither
party could be more specific in regard to these particular
dates. That these young people were keeping company
together, and so were frequently by themselves, and had
opportunities to commit such a crime, does not tend to
prove that a crime was in fact committed. All of the
circumstances proved by evidence other than that of the
prosecuting witness were equally as consistent with inno-
cence as with guilt. The argument for the prosecution
upon this point was somewhat confused with conditions
that sometimes exist in prosecutions for seduction. When
the act of intercourse is proved, and the question is
whether it was under promise of marriage, the evidence
of courtship and intimate relations between the parties
furnishes evidence of the promise which legitimately
follows. But such evidence does not prove, nor tend to
prove, the commission of the act itself which in this case
constitutes the crime. The evidence of the prosecuting
witness as to the act is wholly uncorroborated. She tes-
tifies that on the evening of the first of June, 1904, which
was, as before stated, about one week after her first
acquaintance with defendant, she and the defendant were
invited to spend the evening at the house of a neighbor
with another young woman and gentleman; that accord-
ingly they went early in the evening, and, after some
considerable conversation with the other young couple,
the defendant and the prosecuting witness went into an
adjoining room, and there, while the door between the

two rooms was left open, and the other couple remained in the room they had left, the criminal act was committed by the defendant while she was resisting to the extent of her power. This is denied by the defendant, and the evidence of the gentleman who was in the adjoining room tends strongly to corroborate the defendant, rather than the prosecuting witness. He testifies that he knew nothing of the transaction testified to by the prosecuting witness, and that he did not know of anything that indicated any such transaction nor any impropriety between the defendant and the prosecuting witness on that occasion. The prosecuting witness says that she was crying afterwards, and that the young lady who was with them observed it, but the young lady herself was not put upon the stand.

2. There is another matter connected with this prosecution that ought to be mentioned. It is contended on behalf of the defendant that there was misconduct on the part of the attorneys for the prosecution in two particulars. The county attorney who assisted in the prosecution was first employed to conduct the proceeding upon the charge of bastardy, and it is contended that, after having been so employed, he should not be allowed to prosecute the defendant upon the more serious charge of rape. The statutes in this state are very jealous of the conduct of the members of the bar in prosecuting criminal cases. Chapter 7 of the Compiled Statutes relates to the qualifications and relations of attorneys, and section 22 of that chapter provides: "No prosecuting attorney shall receive any fee or reward from or on behalf of any prosecutor or other individual, for services in any prosecution or business to which it shall be his official duty to attend; nor be concerned as an attorney or counsel for either party, other than for the state or county, in any civil action depending upon the same state of facts upon which any criminal prosecution, commenced or prosecuted shall depend." A prosecution for bastardy is a civil action. The object is to require the father to assist in

the support of his child, but the form of the proceeding is criminal, and it may be brought in the interest of the mother of the child, or in the interest of the public, or in the interest of both, and it is generally presumed to be in the interest both of the mother of the child and of the public. There might be circumstances under which it would be improper for an attorney to prosecute a defendant upon the charge of rape arising out of the same transaction in which he had been employed to conduct bastardy proceedings. If he had conducted bastardy proceedings in the interest of the mother of the child, and his compensation therefor was expected solely from the proceeds of that litigation, and the circumstances were such that there might be a justifiable suspicion that, to aid his proceedings in bastardy, he had caused a charge to be preferred against the defendant charging him with rape arising out of the same transaction, the court might justly interfere to protect the defendant. But, on the other hand, it is proper, where circumstances require it, that the county attorney should, in behalf of the county, assist in the prosecution of the proceedings in bastardy, and his having done so would in nowise disqualify him from performing his duties in behalf of the state in prosecuting the defendant for the crime of rape, if the evidence seemed to justify it. We do not find in this record any evidence tending to show any disqualification of the county attorney to prosecute this case in behalf of the state. The objection, therefore, based upon this ground was properly overruled. The county attorney, however, did not prosecute this case alone. Other counsel assisted him. Such counsel should observe the same care that the law requires of a sworn officer of the state to avoid violating the rights of the accused. He must "employ, for the purpose of maintaining the cause confided to him, such means only as are consistent with truth." He must not pervert or misrepresent the evidence against the defendant, nor state things not in the evidence as facts, nor appeal to passion or prejudice or any other un-

worthy motive to obtain a conviction, nor urge anything against the defendant that does not legitimately and fairly tend to establish his guilt. The complaint in this case is that the assisting counsel in his argument to the jury used inflammatory language; that he stated matters to the jury as facts that were not in the evidence; and that he assured the jury of his positive belief as to the defendant's guilt. There is no doubt that such conduct on the part of the prosecuting attorney would require the interposition of the court. A conviction obtained by such methods could not be sustained. There is in the record what purports to be a part of the argument of counsel who was assisting the official prosecutor. It does not appear to be sufficiently authenticated to justify us in acting upon it. We have, however, in view of the importance of the question presented, examined it with care. It does not appear that statements were made by counsel of such important facts, not justified by the record, as to require a reversal of the judgment on that account. The appeals for conviction are not in all respects as calm and deliberate as might be expected from counsel occupying so responsible a position, but we do not find in them any deliberate and vicious appeals to the passions and prejudices of the jury. No particular expressions in this argument are pointed out by opposing counsel as objectionable, and we find none so violent and prejudicial as to vitiate the verdict of the jury. If the attention of the trial court had been called to the character of the remarks of counsel, he would no doubt have been advised to use more temperate language. It does not appear to be necessary to discuss other matters mentioned in the briefs.

Because the evidence of the prosecuting witness is not corroborated, the judgment of the district court is reversed and the cause remanded.

REVERSED.