## PHILLIP H. GAMMEL v. STATE OF NEBRASKA.

FILED JULY 10, 1917. No. 20054.

1. **Criminal Law: INSTRUCTIONS: UNCHASTITY.** The defendant was convicted of committing rape upon the person of Hazel Gammel, alleged to be under the age of 15 years and not previously unchaste. The testimony with respect to her age was conflicting, that of the state tending to show that she was then about two months under the age of 15, while that of the defendant tended to show that she

was then between 16 and 17. There was also testimony on the part of defendant which renders it doubtful that she was chaste at the time when the alleged offense was charged to have been committed. *Held*, that it was error to refuse to give instruction numbered 6, requested by defendant, that is set out and discussed in the opinion.

2. ———: PRELIMINARY EXAMINATION: PLEA IN ABATEMENT. Where the transcript of the record in justice court shows that a person who is accused of felony has had or waived a preliminary examination, and it is contended that in fact no such examination ever took place, the absence of such examination should be raised by a plea in abatement.

3. Rape: CORROBORATIVE EVIDENCE. "The testimony of the prosecuting witness alone will not support a conviction of the crime of rape. Her testimony must be corroborated by other evidence." *Fitzgerald v. State*, 78 Neb. 1.

4. ———: ———. "The unsupported testimony of a prosecutrix that the crime with which a defendant is charged was repeated subsequent to the alleged commission of the principal offense is not corroborative of the testimony of the prosecutrix as to the commission of the offense charged." *Boling v. State*, 91 Neb. 599.

ERROR to the district court for Dodge county: FREDERICK W. BUTTON, JUDGE. *Reversed.*

*Joseph E. Daly*, for plaintiff in error.

*Willis E. Reed, Attorney General, Charles S. Roe* and *J. C. Cook, contra.*

DEAN, J.

Phillip H. Gammel, aged about 65 years, was convicted in the district court for Dodge county of the crime of rape upon the person of Hazel Gammel, charged in the complaint as being under the age of 15 years and not previously unchaste. The trial proceeded to verdict and judgment of conviction, and, defendant being unable to procure a supersedeas bond, he was lodged in the penitentiary, there to serve a sentence of 12 years. He has brought the case here alleging that he did not have a fair and impartial trial, and that there are other errors in the record entitling him to a new trial.

Defendant's plea of "not guilty" was withdrawn, and he filed a motion to quash the information, for the alleged

reason that he neither had nor waived a preliminary examination. The motion alleged that the error complained of appeared on the face of the record, and that the case therefore came within the provisions of section 9084, Rev. St. 1913: "A motion to quash may be made in all cases, when there is a defect apparent upon the face of the record, including defects in the form of the indictment or in the manner in which an offense is charged."

The transcript of the proceedings before the justice of the peace on this feature of the case contains the following recital: "Now on this 13th day of October * * * said defendant was arraigned in open court and entered a plea of guilty to the first, second, third, fourth, fifth, and sixth counts of said complaint and to said complaint as a whole. It was therefore considered and adjudged by me that said defendant be held for trial to the district court of Dodge county, Nebraska, at the present term thereof."

This court has held that, where an accused person is brought before an examining magistrate and voluntarily pleads that he is guilty of the crime charged against him, he thereby waives his right to preliminary examination. *Latimer v. State*, 55 Neb. 609.

At the trial the justice testified, in substance, that when the complaint was read to defendant in his court he answered, "I plead guilty, but I am an innocent man," and that the county attorney then said to him: "That doesn't go. I have got to have from you, Mr. Gammel, a plea of guilty or not guilty; which is it?" To which defendant responded: "I plead guilty, but it is all wrong." The deputy sheriff testified on cross-examination that he understood from the defendant's statements that he protested that he was innocent, but that he would "plead guilty to end it all."

The chief of police of Fremont testified on cross-examination: "Q. Do you know the exact words Mr. Gammel used in the matter of his making response when asked to plead to this complaint? A. Yes, sir; I think so. While he pleaded guilty to the complaint * * * as a whole, he

intimated he was innocent, and he wanted to get done with it all and have it over. Q. I don't want the intimation or your understanding of what took place there, I want the exact words, Mr. Peterson. A. I think he said he was innocent, but he plead guilty. Q. And while he pleaded guilty he said he was innocent, did he not? A. Yes. Q. And he said that he pleaded guilty in order that it might be ended? A. Yes, that in substance."

The sheriff testified that when the complaint was read to the defendant he "inferred that he was not guilty." While he denies making any attempt to have the defendant plead guilty to the complaint, he testified on cross-examination: "Q. Well, Mr. Condit, that is a custom of your office, is it not, for you to try and get men that are charged with crime to plead guilty whether they are guilty or not? A. In some cases. Q. Isn't that the custom in all cases to get men to plead guilty when you catch them and they are charged with a crime? A. In some cases it is."

Elsewhere in the record it is shown that in a period of time that is not given, 36 out of 49 persons convicted of a felony in Dodge county pleaded guilty through the efforts of the sheriff.

From the foregoing it does not appear that defendant voluntarily pleaded guilty, and there is no pretense that he waived, nor that he was given, an examination. His answers to the questions propounded to him in the justice court cannot properly be held to be a waiver, nor can they be held to be a voluntary confession. Under the circumstances attending this case, we suggest, but not in the way of criticism, that it would perhaps have been better practice for the examining magistrate to have given to defendant the examination for which the law provides. The preliminary examination is a valuable right given by the law to the accused, and he cannot properly be deprived of that right except by his own voluntary act. It will not be contended by any person that, even though the accused stands charged with one of the most heinous offenses

known to the calendar of crime, he is not nevertheless entitled to a fair and impartial examination and trial.

In the justice court the county attorney, the sheriff, his deputy, and the chief of police were all properly present. The accused does not appear to be learned in the law, and it appears he was not represented by counsel. He seems there to have been confused, whether from fright, or from the enormity of the crime with which he was charged, or because of the alleged abrupt conduct of the officers in whose charge he was, or from some other cause which does not clearly appear. At all events, his plea in the justice court was not apparently the voluntary expression of a normal mind.

There are other substantial errors complained of for which the case must be reversed. In the present state of the record, we do not base the reversal on the ground of a lack or waiver of examination. Defendant should have raised his objections by a plea in abatement as the statute plainly provides.

There is substantial conflict in the testimony with respect to the age of the accusing witness, the state maintaining that, at the time of the commission of the alleged offense, she was about two months under 15 years, while there is testimony of two or more witnesses on the part of defendant that she was then between 16 and 17 years of age. The defendant testified that when he and his wife, who were itinerant evangelists, received her into their family from an orphanage, in December, 1901, that they were informed by the management of the institution that she was then a year and a half old.

There is also testimony in the record which renders it doubtful that the prosecuting witness was chaste at the time of the alleged commission of the offense. On this point defendant requested the following instruction, numbered 6 in the record, which was refused by the court: "The jury is instructed that, where the prosecutrix is over 15 years of age at the time of the alleged commission of the crime, in order to establish the defendant's guilt as

charged, it is necessary for the state of Nebraska to prove beyond a reasonable doubt that the prosecutrix was not previously unchaste."

In view of the conflicting testimony with respect to the age of the prosecuting witness and with respect to previous chastity, the jury should have been instructed upon the points embodied in the requested instruction. If she was over the age of 15 at the time of the alleged crime with which defendant is charged, the burden was on the state to prove beyond a reasonable doubt that the prosecutrix was previously chaste. *Burk v. State,* 79 Neb. 241. The prosecuting witness was interrogated on this point in her direct examination: "Q. Hazel, did you ever have sexual intercourse with a boy or man prior to the time you had this sexual intercourse here? A. No, sir; not here in Fremont. Q. So you will understand me, Hazel, before he had sexual intercourse with you, had you ever had sexual intercourse with any man or boy? A. No, sir; not here in Fremont." She also testified that defendant had no improper relations with her until May, 1916. From the record it appears that several women, who resided in the community where she lived, took a friendly interest in her welfare, and that to all of them she said that no man had ever sought to have improper relations with her. But to a man named Murphy, whom the record shows to have been a furnace tender and chore man about a hotel at Fremont, and who had at one time given to Hazel a bracelet, she confided her story of alleged abuses by defendant. The record shows that for two or three weeks after the death of defendant's wife in May, 1916, he was away from home, and that during this period he left Hazel in the home of a resident of Fremont. She testified that she went to the Gammel home from where she was staying twice each day, accompanied by the lady with whom she was staying, or by her daughter, and that "Mr. Murphy was there several times, and I went there when there was no one there." The prosecutrix, on cross-examination, was asked if she and Murphy were at the Gammel house in the

absence of defendant. To this question an objection of the state was sustained. In view of the surrounding circumstances, the witness should have been permitted to answer. This man Murphy was subpœnaed to appear as a witness, but the sheriff testified that he could not be found. It seems to us almost incredible that a chaste and truthful girl would have first sought out Mr. Murphy for a confidant, rather than some of the many good women who befriended her. A review of the record discloses that the verdict does not seem to be supported by the testimony of any witness except that of the prosecutrix. In this state this is held to be insufficient. *Fitzgerald v. State,* 78 Neb. 1.

Many other errors are complained of, but it is impractical to discuss all of them in the space that should be allotted to this opinion. The errors pointed out were prejudicial to the defendant, and he must therefore have a new trial.

The judgment of the district court is reversed and the cause remanded for further proceedings in conformity with law.

REVERSED.

ROSE, J., dissents.

HAMER, J., not sitting.

———

The following opinion on motion for rehearing was filed December 1, 1917. *Rehearing denied.*

1. **Criminal Law:** INSTRUCTIONS: REASONABLE DOUBT. In a criminal trial it is prejudicially erroneous to instruct the jury that, if "from a careful consideration of all the evidence and facts and circumstances in proof in the case, or the want of evidence," they "can say that they having an abiding conviction of the truth of the charge made in the information, then they are satisfied beyond a reasonable doubt."

2. **Rape:** CORROBORATIVE EVIDENCE. The facts and circumstances necessary to corroborate the testimony of the prosecuting witness must be proved by other witnesses. The testimony of a prosecuting wit-

ness as to other matters in a criminal trial cannot be held to be corroborative of such witness' own testimony as to the principal fact. *Fitzgerald v. State*, 78 Neb. 1.

DEAN, J.

Upon motion for rehearing and re-examination of the record, we find that the court of its own motion instructed the jury that, if they found from the testimony that the prosecutrix was over 15 years of age when the alleged crime was committed, it would be their duty to acquit defendant. It was therefore not error for the court to refuse to give defendant's instruction No. 6 that is referred to in our former opinion, and the first paragraph of the syllabus is therefore withdrawn as being inapplicable to the facts.

There are other instructions given by the court of its own motion that appear to us erroneous. These doubtless should have been discussed in our former opinion. Instruction No. 11, as given by the court, follows: "The court instructs the jury that 'a reasonable doubt,' as used in these instructions, is such a doubt, in the mind of a thoughtful man, as causes him to stop and hesitate and say, 'I am not satisfied,' when acting with reference to the graver and more important affairs of life. It is not a mere possibility of the innocence of the defendant; but if the jury, from a careful consideration of all the evidence and facts and circumstances in proof in the case or the want of evidence, can say that they have an abiding conviction of the truth of the charge made in the information, then they are satisfied beyond a reasonable doubt and should find the defendant guilty."

In this instruction the jury are informed, among other things and in effect that, if for "the want of evidence" they "can say that they have an abiding conviction of the truth of the charge made in the information, then they are satisfied beyond a reasonable doubt and should find the defendant guilty." It is obvious that the defendant could not be properly convicted for "the want of evidence" that the state failed to produce or that the de-

fendant failed to produce. This instruction, as given by the court, in effect places the burden of proof upon the defendant to establish that he is innocent of the crime with which he is charged, and is therefore erroneous.

In another instruction the court informed the jury that the evidence of the prosecuting witness must be corroborated as to "the principal fact of sexual intercourse," and added: "But the testimony of the complainant as to the commission of the crime by the defendant may be corroborated by evidence of facts and circumstances showing a disposition on his part to commit the crime, and an opportunity to do so." The prosecuting witness testified to various acts of intercourse with the defendant both before and after the act specified in the count of the information upon which the defendant was tried. The defendant requested an instruction that the testimony of the prosecutrix as to the commission of acts of intercourse subsequent to the time when the principal offense was alleged to have been committed would not be corroborative of the testimony of the prosecutrix as to the commission of the offense charged. This request the court refused. It seems clear that in connection with the above instruction given by the court there should have been given one of the nature of the requested instruction. If the jury regarded her testimony of other illicit acts as tending to prove "a disposition on his part to commit the crime" charged, they might erroneously find her testimony as to the principal fact corroborated by these other circumstances testified to by her. The jury should have been instructed that the testimony of the prosecutrix alone should not be considered as corroborative testimony. *Fitzgerald v. State,* 78 Neb.. 1.

For the errors pointed out herein, the application for rehearing must be

DENIED.

ROSE, J., dissenting.

Defendant was convicted of committing a rape upon a female child. I am convinced that the jury based their

verdict alone on proper and sufficient evidence of guilt, and that the instruction technically condemned by the majority did not mislead them or affect their deliberations to the prejudice of defendant.

There is no law in Nebraska requiring corroboration of a prosecutrix to sustain a conviction for rape. The supreme court never had any power to make such a law. Laws binding upon the supreme court in dealing with felonies and the rules of evidence in establishing them may come from three sources of power: (1) Constitutional provisions adopted by the people. (2) Direct enactments of the legislature. (3) The common law of England adopted by legislative enactment. The doctrine invoked by the majority to set aside the conviction of a man accused of committing a rape upon a female child did not come from any legitimate source of power. It is not in the Constitution. It is not in the statutes of Nebraska. It is not in the common law. Obviously its first announcement by this court was an error. Blind adherence thereto should be terminated by a correction of the error. In speaking of the rule followed by the majority, the supreme court of Oklahoma said:

"It is true that there are some decisions based upon special statutes which hold that corroboration of the prosecutrix is necessary, but, in the absence of such a statute in this state, we could not agree to establish a rule so repugnant to justice, constituting such a shame upon our civilization; so insulting to decency and so pregnant with danger to weakness and virtue." *Reeves v. Territory,* 2 Okla. Cr. Rep. 351, 360.

In *Brenton v. Territory,* 15 Okla. 6, 11, the same court said:

"The rule of requiring the prosecutrix to be corroborated in rape cases is followed, it is believed, in but one state and one territory, except where adopted by statute, viz., Nebraska and New Mexico. With criminal procedure acts like ours, the states of California, Florida, North Dakota, and Montana have held that such corroboration is not required, and the same is held by the courts of

highest resort in Alabama, Arkansas, Arizona, Georgia, Illinois, Kentucky, Michigan, Minnesota, Missouri, Mississippi, Oregon, Pennsylvania, Texas, Utah, Virginia and Wyoming."

If the reward of acquittal is to be forced on a villain who can hide from his victim all evidence that he committed a rape, except her own testimony, it should emanate from the legislature, and not from the court.

In the present case, however, the corroboration is ample.