STATE, Respondent, v. LESTER S. MASON, Appellant.

[239 Pac. 733.]

APPEAL AND ERROR — STATUTORY RAPE — CORROBORATION OF PROSECU-TRIX — WHEN SUFFICIENT—ASSIGNMENT OF ERROR—WHEN INSUF-FICIENT — INSTRUCTION TO ACQUIT — REFUSAL TO GIVE — NOT RE-VERSIBLE ERROR.

    1. In a prosecution for statutory rape, where it is shown that the accused kept company with the prosecutrix, that they

Publisher's Note.

1. Necessity and sufficiency of corroboration of prosecutrix in rape case, see notes in 6 Ann. Cas. 771; 17 Ann. Cas. 413; Ann. Cas. 1913D, 660.

were frequently together under circumstances that offered him an opportunity to violate her person, that she became pregnant during such time and subsequently gave birth to a child whose paternity she charges to the accused, such facts and circumstances are sufficiently corroborative of her testimony that he committed the offense charged to sustain a verdict of guilty.

2. An assignment specifying that the court erred in giving instructions to the jury, without setting out in what particulars the instructions are erroneous, is too general unless such instructions could not be the law under any condition.

3. Reversible error cannot be predicated upon the refusal of the court to give an advisory instruction to acquit.

APPEAL from the District Court of the Second Judicial District, for Latah County. Hon. Edgar C. Steele, Judge.

From a judgment of conviction for statutory rape defendant appeals. *Affirmed.*

Robert E. Leitch and F. C. Keane, for Appellant.

Where the testimony of the prosecutrix in a rape case is contradictory, and her story as to what occurred is highly improbable and unreasonable, her uncorroborated testimony is not sufficient to justify a verdict of guilty, nor to support a judgment of conviction. (*State v. Baker,* 6 Ida. 496, 56 Pac. 81; *State v. Anderson,* 6 Ida. 706, 59 Pac. 180; *State v. Trego,* 25 Ida. 625, 138 Pac. 1124; *State v. Andrus,* 29 Ida. 1, 156 Pac. 421; *State v. Short,* 39 Ida. 446, 228 Pac. 274; *State v. Bowker,* 40 Ida. 74, 231 Pac. 706.)

A. H. Conner, Attorney General, and John W. Cramer, Assistant, for Respondent.

A person may be convicted of rape upon the testimony of the prosecutrix even if there is no direct evidence corroborating her testimony, when her reputation for truth and chastity is unimpeached and the circumstances surrounding the commission of the offense are clearly corroborative of her statement. (*State v. Anderson,* 6 Ida. 706, 59 Pac. 180; *State v. Short,* 39 Ida. 446, 228 Pac. 274; *State v. Bowker,* 40 Ida. 74, 231 Pac. 706.)

The instructions given by the court on the matter of corroborating the testimony of the prosecutrix are correct. (*State v. Anderson, supra; State v. Short, supra.*)

The giving of an advisory instruction to acquit is a matter of discretion with the trial court and its action in the premises is not reviewable by the supreme court. (*State v. Murphy,* 29 Ida. 42, 156 Pac. 908; *State v. Simpson,* 31 Ida. 591, 173 Pac. 748.)

WILLIAM A. LEE, C. J.—Appellant was charged, under C. S., sec. 8262, subd. 1, with statutory rape, committed upon the person of the prosecutrix, a female under the age of eighteen years. This appeal is from a judgment of conviction and appellant assigns as error (1) that the evidence is insufficient to justify the verdict or to support the judgment in that the testimony of the prosecuting witness is contradictory, its truth inherently improbable, and that it is not corroborated by the testimony of any other witness or by circumstances surrounding the commission of the offense; (2) that the court erred in refusing to give an advisory instruction to acquit; (3) insufficiency of the evidence to justify the entry of a judgment; (4) that the court erred in giving certain instructions for the reason that they do not correctly state the law.

The first and fourth assignments are sufficient to raise the principal questions presented by the record. The first relates to the insufficiency of the evidence and the specifications of its insufficiency appear to be predicated upon the rule announced in *State v. Anderson,* 6 Ida. 706, 59 Pac. 180, and the later decisions of this court that have followed the rule that a defendant may be convicted of rape upon the uncorroborated testimony of the prosecutrix, only when the character of the prosecutrix for chastity as well as for truth, is unimpeached and the facts and circumstances surrounding the commission of the offense are clearly corroborative of the statements of the prosecutrix.

The information charges that the offense was committed on or about the first day of May, 1924. It is not contro-

verted that the prosecutrix was under the age of consent and not the wife of appellant; that she became pregnant and on January 16, 1925; gave birth to a child. She testified that appellant began keeping company with her in August, 1923, and often came to her home and that the two frequently went out together. It also appears from her testimony that he took her in an automobile to different places in that locality and from the evidence there is no question but that the prosecutrix and appellant were, during this time, frequently together under such circumstances that an opportunity to commit the offense was present.

It was said in *State v. Short,* 39 Ida. 446, 228 Pac. 274, and *State v. Bowker,* 40 Ida. 74, 231 Pac. 706, that the mere opportunity for the commission of the offense is not sufficient corroboration under the rule as stated in *State v. Anderson, supra,* wherein the court said, "and when the facts and circumstances surrounding the commission of the offense are corroboration and not contradictory of the statements of the prosecutrix."

The testimony of the prosecutrix is not entirely consistent as to when the first act of intercourse took place or when she became pregnant. In her testimony, upon the preliminary, she states the time of her first act of intercourse as being about April 12, 1924. On the trial of the cause, upon direct examination, she fixed the time of the first act as being about the last of April or the first of May, and upon cross-examination, she fixed the time of her becoming pregnant as the 8th of May. The testimony of the medical expert who attended her in confinement states that the average period of gestation is about 280 days but that it frequently varies from this time. Appellant contends that the period between the 8th of May, 1924, and the 16th of January, 1925, when the birth of the child took place, being less than the average period between conception and birth, and the testimony of the attending physician that the child was fully developed, further shows the testimony of the prosecutrix to be contradictory and it is therefore insufficient to sustain the conviction.

We do not consider it sufficiently contradictory to impeach her truthfulness when considered in its entirety and in connection with the other facts and circumstances surrounding the alleged commission of the offense.

We think what is meant by the rule "the facts and circumstances surrounding the commission of the offense are corroboration and not contradictory of the statements of the prosecutrix" is that they must not only support the testimony of the prosecutrix that her person has been violated, but should also be of such a character as to make it appear probable that the accused committed the offense. Facts and circumstances showing that the parties had been together under conditions that made it possible for the commission of the offense, without showing other facts and circumstances that tend to support the testimony of the prosecutrix, is not the corroboration required by this rule.

We cannot hold as a matter of law that the testimony of the prosecutrix is not corroborated by the surrounding facts and circumstances in this case. The pregnancy and subsequent birth of a child are conclusive evidence that some male person had carnal knowledge of her. All of the testimony including the admissions of the appellant himself as to being often in her company and taking her to various places during the period within which conception must have taken place is corroborative of her direct testimony that appellant had unlawful relations with her.

The instructions complained of are not numbered or paragraphed and the particular part objected to cannot be determined from the transcript, but counsel have in their brief designated that particular language which they contend does not correctly state the law. They do not point out in what particular the law is misstated, and we think the objection is too general to be availing unless such instructions could not be the law under any conditions. (*McDonald v. North River Ins. Co.*, 36 Ida. 638, 213 Pac. 349; *State v. Johnson*, 39 Ida. 440, 227 Pac. 1052.)

We are of the opinion that the instructions complained of correctly state the law applicable to the facts and circumstances of this case.

As to appellant's assignment that the court erred in refusing to give an advisory instruction to acquit, it is sufficient to say that in this state reversible error cannot be predicated upon the refusal of the court to give an advisory instruction for the acquittal of a· defendant. (*State v. Chacon*, 36 Ida. 148, 209 Pac. 889; *State v. Sullivan*, 34 Ida. 68, 199 Pac. 647, 17 L. R. A. 902; *State v. Murphy*, 29 Ida. 42, 156 Pac. 908.)

No reversible error appearing in the record the judgment is affirmed.

Wm. E. Lee, Givens and Taylor, JJ., and McNaughton, District Judge, concur.