187 P.2d 976

## STATE v. ELSEN.

### No. 7364.

Supreme Court of Idaho.

Dec. 18, 1947.

Frank F. Kibler and C. S. Beebe, both of Nampa, for appellant.

Robert Ailshie, Atty. Gen., and James W. Blaine, Pros. Atty., of Boise, for respondent.

HYATT, Justice.

Appellant, aged 59 years, was charged with statutory rape alleged to have been committed February 23, 1946, upon a female child, aged 12 years. Trial by jury resulted in a verdict of guilty of assault with intent to commit rape. This appeal is from the judgment of conviction and an order denying motion for new trial.

Appellant's principal assignment of error attacks the sufficiency of the evidence

upon the ground of lack of corroboration. In an early case, State v. Anderson, 6 Idaho 706, 59 P. 180, 181, this court laid down the rule that: "* * * a defendant may be convicted of the crime of rape upon the uncorroborated testimony of the prosecutrix; but this is only so when the character of the prosecutrix for chastity, as well as for truth, is unimpeached, and where the circumstances surrounding the commission of the offense are clearly corroborative of the statements of the prosecutrix."

This rule has been consistently reiterated in State v. Short, 39 Idaho 446, 228 P. 274; State v. Bowker, 40 Idaho 74, 231 P. 706; State v. Trego, 25 Idaho 625, 138 P. 1124; State v. Hines, 43 Idaho 713, 254 P. 217; State v. Smith, 46 Idaho 8, 265 P. 666; State v. Mason, 41 Idaho 506, 239 P. 733; State v. Jones, 62 Idaho 552, 113 P.2d 1106.

From some of these cases we give the following applicable quotations:

"* * * a person may be convicted of rape upon the testimony of the prosecutrix where there is no direct evidence corroborating her testimony only when her reputation for truth and chastity are unimpeached and the circumstances surrounding the commission of the offense are clearly corroborative of her statements. * * *" State v. Bowker, supra [40 Idaho 74, 231 P. 707].

"* * * The law is jealous of the rights and liberties of persons, and it has

said that one may be convicted of the crime of rape upon the uncorroborated testimony of the prosecutrix only when 'the character of the prosecutrix for chastity, as well as for truth, is unimpeached, and where the circumstances surrounding the commission of the offense are clearly corroborative of the statements of the prosecutrix.' * * *" State v. Short, supra [39 Idaho 446, 228 P. 277].

"* * * all the decisions of this court demand, in such case, in addition to an unimpeached reputation for truth and chastity, that the circumstances surrounding the commission of the offense are clearly corroborative of the statements of the prosecutrix." State v. Hines, supra [43 Idaho 713, 254 P. 218].

"We think what is meant by the rule 'the facts and circumstances surrounding the commission of the offense are corroboration and not contradictory of the statements of the prosecutrix' is that they must not only support the testimony of the prosecutrix that her person has been violated, but should also be of such a character as to make it appear probable that the accused committed the offense. * * *" State v. Mason, supra [41 Idaho 506, 239 P. 734].

"* * * The uncorroborated testimony of the prosecutrix is generally considered insufficient to sustain a conviction where it is inconsistent with the admitted facts of the case; where it contains numerous and serious contradictions; where it is inherently improbable or incredible; or where it is obtained through fear, threats, coercion, or duress, * * *." State v. Bowker, supra.

Aside from instances where the testimony of the prosecutrix is obtained through fear, threats, coercion or duress, the law stated in the foregoing cases may be summarized to this effect: If the character or reputation of the prosecutrix for truth and chastity is unimpeached, and her testimony is not contradictory nor inconsistent with the admitted facts of the case, and is not inherently improbable nor incredible, there can be either direct evidence corroborating her testimony, or evidence of surrounding circumstances clearly corroborating her statements. Either will suffice. If, however, her character or reputation for truth and chastity, or either, is impeached, or her testimony is contradictory or is inconsistent with the admitted facts of the case, or is inherently improbable or incredible, then there must be direct evidence corroborating her testimony.

In State v. Jones, 62 Idaho 552, 113 P.2d 1106, this court impliedly, if not expressly, recognized and held that to sustain a conviction of assault with intent to commit rape rendered in a prosecution for statutory rape, the same legal requirements as to corroboration necessary to sustain a conviction for rape, must be met. In other words, the rules hereinabove laid down apply regardless of whether the con-

viction is for rape or assault with intent to commit rape.

■ In the case at bar, the character of the prosecutrix for chastity was brought into question and impeached by her own testimony, in which she told without objection of having numerous acts of sexual intercourse with two other men, as well as with appellant. In addition, her reputation for truth was attacked by several witnesses for the defense. Therefore, this case requires evidence other than the testimony of the prosecutrix which in and of itself, and without the aid of her testimony, tends to support her testimony that the offense was committed, and which makes it appear probable that the accused was the perpetrator.

■ No hard and fast rule can be laid down on the subject of corroboration. Each case must depend upon its own merits and surrounding circumstances. State v. Bowker, 40 Idaho 74, 231 P. 706.

On the night in question, according to the testimony of the prosecutrix, she and appellant were going from Nampa over Highway 30 to the Beacon Inn located in Elmore County on said highway; that before reaching the Beacon Inn, appellant turned and drove the car off down a side road for a ways where they stopped and appellant had sexual intercourse with her on the back seat of said car, and that immediately after the act was completed they proceeded on to the Beacon Inn. Appellant denied ever being off the main highway or stopping anywhere thereon any time on the trip from Nampa to the Beacon Inn, or on the return to Nampa. He also denied ever having had sexual intercourse with the prosecutrix at any time. Three witnesses testified to seeing the prosecutrix and appellant at the Beacon Inn that night.

■ Facts and circumstances showing that the parties have been together under conditions that make it possible for the commission of the offense, *without showing other facts and circumstances that tend to support the testimony of the prosecutrix*, is not the corroboration required under our rule. State v. Mason, 41 Idaho 506, 239 P. 733.

In State v. Bowker, 40 Idaho 74, 231 P. 706, 708, a statutory rape case where the prosecutrix testified that appellant instead of driving her directly home in his car as promised, went in another direction and into the foot hills, where he had intercourse with her, this court said: "A careful inspection of the record in this case fails to show any fact or circumstance tending to corroborate the testimony of the prosecutrix other than the fact that appellant invited her to ride with him, and instead of taking her directly to her home they drove some distance beyond there, and hence the opportunity for the commission of the offense was present. This does not constitute a sufficient corroboration under the rule announced by the authorities as to what is sufficient corroboration, and there-

fore the evidence is insufficient to support the verdict and judgment thereon." See also Fitzgerald v. State, 78 Neb. 1, 110 N. W. 676.

Mere opportunity for the commission of the offense is not sufficient corroboration. State v. Short, 39 Idaho 446, 228 P. 274; State v. Bowker, 40 Idaho 74, 231 P. 706; State v. Mason, 41 Idaho 506, 239 P. 733; State v. Jones, 62 Idaho 552, 113 P.2d 1106.

Neither can the testimony of the prosecutrix as to previous acts of intercourse between herself and appellant, all of which were denied by him, be considered as sufficient corroboration. There is nothing in the record to support or substantiate her statements in that regard. The testimony as to other acts was admissible to show the relation of the parties, and also for the purpose of attempting to corroborate her. State v. Hirsch, 64 Idaho 20, 127 P.2d 764. But the corroboration required must be evidence other than the testimony of the prosecutrix herself, and must proceed from other sources than the prosecutrix alone. State v. Andrus, 29 Idaho 1, 156 P. 421; Gammel v. State, 101 Neb. 532, 163 N.W. 854, 166 N.W. 250; State v. Hagedorn, 199 Iowa 1068, 203 N.W. 240; Annotation 60 A.L.R. 1124, 1151.

Under the foregoing authorities, we necessarily conclude that the evidence in this case is insufficient to support the verdict and judgment.

Since this case must therefore be reversed and remanded for a new trial, we will pass upon appellant's other assignments of error only so far as necessary, and then but briefly.

As to appellant's contention that the trial court abused its discretion in ruling that the prosecutrix was a competent witness, we need only to say that the trial court correctly followed the procedure laid down in State v. Cosler, 39 Idaho 519, 228 P. 277, by determining as a matter of law the question of competency, when the witnesss was produced.

Appellant complains that the court erred in not instructing the jury that he might be found guilty of simple assault, or attempt to commit rape. While our statute, Sec. 19-2212, I.C.A., provides: "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit the offense." and this court conceded in State v. Garney, 45 Idaho 768, 265 P. 668, that simple assault may be included within the crime of assault with intent to commit rape, we are nevertheless committed to the rule that it is not error to refuse to instruct the jury that a defendant may be found guilty of a lesser offense when there is no evidence that would reduce the crime charged to such lesser offense. State v. Thomas, 47 Idaho 760, 278 P. 773; State v. Brooks, 49 Idaho 404, 288 P. 894; State v. Alvord, 47 Idaho 162, 272

P. 1010; State v. Garney, supra. It is therefore only where the evidence permits, that the trial court should instruct a jury with respect to offenses included in the charged offense and with respect to attempts. State v. Smith, 90 Utah 482, 62 P.2d 1110.

With reference to the giving of cautionary instructions, as requested by appellant, to the effect that the crime of rape is of a most serious nature and may create a strong prejudice against the person charged, and that such an accusation is easy to make, hard to prove, and often harder to disprove or defend against, and that it is the duty of the jury to exercise the utmost care and caution in examining the evidence and weighing the same in this class of cases, the courts are not in harmony. 44 Am.Jur. 979, Annotation 130 A.L.R. 1489 and cases therein cited. Such instructions state no rule of law, but simply embody the oft-repeated observation of Lord Hale to the effect that it is an accusation easily to be made and hard to be proved, and harder to be defended by the party accused, though never so innocent. It has been said that such an instruction invades the province of the jury, who are the sole judges of the facts and the weight to be given the evidence. State v. Rutledge, 63 Utah 546, 227 P. 479; Doyle v. State, 39 Fla. 155, 22 So. 272, 63 Am.St. Rep. 159; State v. Davis, Mo.Sup., 190 S. W. 297; Crump v. Commonwealth, 98 Va. 833, 23 S.E. 760; State v. Birchard, 35

Or. 484, 59 P. 468. We are inclined to agree with the reasoning in these cases, and believe that ordinarily cautionary instructions would add undue emphasis to the instructions on reasonable doubt and presumption of innocence which would have the practical effect of misleading the jury.

It seems that in most jurisdictions where cautionary instructions are held proper, the defendant can be convicted upon the uncorroborated testimony of the prosecutrix alone. However, we recognize that there may be certain instances where the nature of the evidence may be such that cautionary instructions might not be inappropriate, and we therefore believe that the giving of such instructions, if request is made therefor, should rest within the sound discretion of the trial court. State v. Lightheart, 153 Minn. 40, 189 N.W. 408, 410, wherein the court said in speaking of a request for an instruction along the lines of the statement of Lord Hale: " * * * That is not a fixed rule of law applicable to such cases, as the rule of reasonable doubt and the presumption of innocence, which the court is required to give the jury, but the statement of a fact or condition incident to such prosecutions, to be given the jury or not as the court may deem proper in the particular case. It comes within the class of cautionary instructions and in the discretion of the court."

It is unnecessary to pass upon the other assignments of error, except to call attention to the giving of the instruction laid

down in State v. Hirsch, 64 Idaho 20, 127 P.2d 764, if the evidence upon a retrial of this case should warrant such instruction and request is made therefor.

The judgment is reversed and the cause remanded with directions to grant a new trial.

HOLDEN and MILLER, JJ., concur.

BUDGE, C. J., and GIVENS, J., dissent as to the reversal of the judgment and the grounds therefor.