535 P.2d 658

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Alfred B. FROELICH, Defendant-Appellant.**

No. 11787.

Supreme Court of Idaho.

May 5, 1975.

Rehearing Denied June 10, 1975.

J. Richard Sharp of Sharp, Anderson & Bush, Idaho Falls, for defendant-appellant.

Wayne Kidwell, Atty. Gen., Gordon S. Nielson, Senior Deputy Atty. Gen., Jake W. Peterson, Asst. Atty. Gen., James W. Blaine, Deputy Atty. Gen., Boise, for plaintiff-respondent.

DONALDSON, Justice.

Defendant-appellant Alfred B. Froelich was charged with committing a lewd and lascivious act upon the body of his minor female child. Trial by jury was held October 25, 1974. The prosecutrix, age 15 years, testified that her father took her in his pickup truck to a secluded place in Bonneville County on the evening of May 7, 1974, where he allegedly committed the acts for which he is charged. Following a verdict of guilty, the district court entered judgment of conviction pursuant to I.C. §

18–6607.[1] Sentence of 20 years in the Idaho State Penitentiary was imposed.

The appellant's sole assignment of error challenges the sufficiency of corroboration of statements of the prosecutrix.

■ In Idaho, corroboration of the prosecutrix' testimony is necessary in order to sustain conviction under I.C. § 18–6607. State v. Hall, 95 Idaho 110, 111, 504 P.2d 383 (1972); State v. Ross, 92 Idaho 709, 713, 449 P.2d 369 (1968); State v. Tope, 86 Idaho 462, 464, 387 P.2d 888 (1963); State v. Madrid, 74 Idaho 200, 208, 259 P.2d 1044 (1953). In State v. Myers, 94 Idaho 570, 494 P.2d 574 (1972), the rule concerning type of corroboration was set forth as follows:

"This court has previously held that corroboration of the prosecuting witness in a case of this type may be by direct evidence or by evidence of surrounding circumstances where, as in the case at bar, the reputation of the prosecutrix for truth and chastity is unimpeached and her testimony is not contradictory nor inconsistent with the admitted facts of the case, nor inherently improbable." 94 Idaho at 572, 494 P.2d at 576.

■ A reading of the record indicates that testimony of the prosecutrix was not found to be contradictory to admitted facts. Since her reputation for truth and chastity was not put in issue, evidence that is needed to sustain conviction is proof of surrounding circumstances which clearly corroborates her statements.

■ Such evidence consists of testimony of the prosecutrix' sister that the appellant took the prosecutrix alone with him frequently in his truck while seldom taking her. Testimony of a rebuttal witness, prosecutrix' brother, indicated that the prosecutrix did go alone with the appellant in his truck on the night in question. This testimony was contradictory to testimony of the appellant and appellant's witness who maintained that the pickup truck was unavailable to the accused on the night in question. Further evidence consisted of testimony of family members that the appellant treated the prosecutrix differently during the period of time the alleged acts took place. During the times in question, appellant accorded the prosecutrix many privileges in the form of money and clothes. However, after the incident of May 7, 1974, he disciplined her severely. This included restricting her activities and not allowing her to see her boy friend. In addition, the prosecutrix contended the acts complained of occurred on several occasions, that vaseline was purchased and used by the appellant on several previous occasions to commit the alleged acts, and that vaseline was found in the pickup truck.

■ While the above circumstances were denied by the appellant, this Court has repeatedly held that credibility of the witnesses and the weight to be accorded their testimony is exclusively for the jury. Where there is competent, though conflicting, evidence to sustain the verdict, this Court cannot reweigh that evidence or disturb the verdict. State v. Hall, supra; State v. Ross, supra; State v. Pruett, 91 Idaho 537, 540, 428 P.2d 43 (1967); State v. Booton, 85 Idaho 51, 57, 375 P.3d 536 (1962).

This Court recognizes that no hard and fast rule can be laid down on the subject of corroboration. Each case must depend upon its own merits and surrounding circumstances. State v. Shannon, 95 Idaho 299, 302, 507 P.2d 808 (1973); State v. Tope, supra. While the above facts and circumstances standing alone might not be enough to furnish the degree of corroborative proof necessary to sustain conviction of the crime, the above, taken and consid-

---

1. "18–6607. *Lewd conduct with minor or child under sixteen.*—Any person who shall wilfully and lewdly commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor or child under the age of sixteen years, with the intent of arous- ing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such minor or child, shall be guilty of a felony and shall be imprisoned in the state prison for a term of not more than life."

ered together furnish sufficient evidence to clearly fall within the meaning of the rule. State v. Tope, *supra;* State v. Vail, 47 Idaho 354, 359, 275 P.2d 578 (1929). Therefore we conclude that the record contains sufficient corroborative evidence of the testimony of the prosecutrix to sustain the verdict of guilty.

Judgment of conviction affirmed.

McQUADE, C. J., and SHEPARD and BAKES, JJ., concur.

McFADDEN, Justice (dissenting).

I must respectfully dissent from the opinion of the majority. It is my opinion that the evidence introduced at trial to corroborate the prosecuting witness's testimony presented at trial is insufficient as a matter of law to satisfy the requirement of corroboration established by this court.

This court, in State v. Madrid, 74 Idaho 200, 259 P.2d 1044 (1953), the first case in which this court considered the corroboration requirement for conviction pursuant to I.C. § 18–6607, adopted the rule [1] enunciated in State v. Elsen, 68 Idaho 50, 54, 187 P.2d 976, 978 (1947):

"If the character or reputation of the prosecutrix for truth or chastity is unimpeached, and her testimony is not contradictory nor inconsistent with the admitted facts of the case, and is not inherently improbable nor incredible, there can be either direct evidence corroborating her testimony, or evidence of surrounding circumstances clearly corroborating her statements. Either will suffice."

*Accord:* State v. Tope, 86 Idaho 462, 387 P.2d 888 (1963); State v. Ross, 92 Idaho 709, 449 P.2d 369 (1968). The requirement of corroboration of the testimony of the prosecuting witness for conviction of a sex-related offense is a long standing common law rule in this jurisdiction. State v. Anderson, 6 Idaho 706, 59 P. 180 (1899).

This court has yet to discuss the nature of the corroborative evidence required to sustain a conviction under I.C. § 18–6607.

However, this court has ruled that evidence of an opportunity to commit the offense, by itself, does not constitute the corroboration required to sustain a conviction for a rape offense.

"We think what is meant by the rule 'the facts and circumstances surrounding the commission of the offense are corroboration and not contradictory of the statements of the prosecutrix' is that they must not only support the testimony of the prosecutrix that her person has been violated, but should also be of such a character as to make it appear probable that the accused committed the offense. Facts and circumstances showing that the parties had been together under conditions that made it possible for the commission of the offense, without showing other facts and circumstances that tend to support the testimony of the prosecutrix, is not the corroboration required by this rule." State v. Mason, 41 Idaho 506, 510, 239 P. 733, 734 (1925). *Accord:* State v. Short, 39 Idaho 446, 228 P. 274 (1924); State v. Jones, 62 Idaho 552, 113 P.2d 1106 (1941); State v. Elsen, 68 Idaho 50, 187 P.2d 976 (1947). I find no reason to distinguish between rape offenses and lewd and lascivious offenses in terms of the corroboration requirement. In my opinion the evidence required to corroborate a conviction under I.C. § 18–6607 must tend to connect the defendant with the commission of the crime in such a way as to make it appear probable that the accused committed the offense. Wharton's Criminal Evidence (13th ed., 1972) § 490 p. 466.

The majority cites testimony of the prosecuting witness's sister that the appellant often took the prosecuting witness alone with him in the truck and the testimony of the prosecuting witness's brother that the prosecuting witness did go alone with the appellant in his truck on the night in question; this testimony suggests only that the appellant had the opportunity to commit the crime. The majority cites testimony of

---

I. This rule has been modified in that the prosecuting witness's lack of chastity is not a ground for impeachment. State v. Hall, 95 Idaho 110, 504 P.2d 383 (1972).

family members that the appellant treated the prosecuting witness differently during the period of time the alleged act took place; this testimony does not suggest a connection between the appellant and the crime charged. The majority also cites for corroboration testimony of the prosecuting witness that vaseline was used by the appellant during commission of lewd and lascivious acts on prior occasions and testimony of the prosecuting witness's sister that she found vaseline in the appellant's vehicle on two occasions; however, a review of the record indicates that the sister testified that she found the vaseline and removed the vaseline from the truck on two occasions prior to the date the alleged acts were committed; thus her testimony cannot be considered to be corroborative of the incident for which the appellant is accused.

In summary, I think that, as a matter of law, the evidence cited by the majority as corroborative is not sufficient to sustain this conviction; the majority does not cite any evidence connecting the appellant with the crime charged. If this court chooses to abolish the corroboration requirement for conviction of a sex offense, let it do so directly, not indirectly.